**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**PORTIA B. ISHEE**                                                                          **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO.: 2:13-cv-234-KS-MTP**

**FEDERAL NATIONAL**
**MORTGAGE ASSOCIATION, ET AL.**                                        **DEFENDANTS**

<u>**ORDER**</u>

THIS MATTER is before the Court on the Motion to Quash [44] filed by Underwood

Law Firm, PLLC.  Having considered the pleadings and the applicable law, the Court finds that

the Motion [44] should be granted in part and denied in part.

**BACKGROUND**

This action involves the Plaintiff's home, the mortgage on that home, and the actions

taken by the parties prior to and after the home was destroyed by a fire and an insurance

company issued a check to cover the damage.  The discovery dispute currently before the Court

relates to the legal services provided by Underwood Law Firm, LLC after fire destroyed

Plaintiff's home.  According to Plaintiff, Underwood was retained by GMAC Mortgage, LLC[1] to

explore the options of reforming Plaintiff's deed of trust and foreclosing on Plaintiff's property.

On April 14, 2014, Plaintiff served a subpoena on Underwood. *See* Subpoena [43].  On

April 24, 2014, Underwood filed its Motion to Quash [44] the subpoena, arguing that certain

sought-after documents are protected by the attorney-client privilege and/or protected by the

work product doctrine.  Underwood also argues that certain requests found in the subpoena are

---

[1] GMAC is not a party to this action but is the holder of Plaintiff's deed of trust.

1

vague and overly broad or seek information that is confidential and/or irrelevant to this action.

The primary dispute between Plaintiff and Underwood concerns the scope and/or applicability of the attorney-client privilege and work product doctrine. Thus, the Court will first address whether the documents sought are protected by the attorney-client privilege and/or work product doctrine. Thereafter, the Court will address the specific requests and whether they should be quashed or modified.

## ANALYSIS

A Court may quash or modify a subpoena if it requires disclosure of privileged or otherwise protected matter, if no exception or waiver applies or if it subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(iii)-(iv). Underwood argues that many of the documents requested in Plaintiff's subpoena are protected by the attorney-client privilege. Underwood included a privilege log with its Motion to Quash. The privilege log submitted by Underwood, however, does not comply with the Federal Rules of Civil Procedure, the local rules, or the precedent of this Court. Underwood is required to provide sufficient detail in its privilege log for the Court to make a meaningful determination regarding the merits of the claim of privilege. A privilege log must contain at least the name of the document, description of the document, and the nature of the privilege asserted. *See* Fed. R. Civ. P. 45 (e)(2)(A); L. U. Civ. R. 26(a)(1)(C); *Solis v. Bruister*, 2013 WL 493374, at *2 (S.D. Miss. Jan. 22, 2013).[2]

Nevertheless, Plaintiff does not object to Underwood's Motion on that ground, instead focusing primarily on waiver issues and the applicability of the attorney-client privilege and

---

[2] Additionally, Underwood failed to file a memorandum brief in support of its Motion to Quash as required by Local Rule 7(b)(4).

work product doctrine. Thus, the Court will not deny the Motion on that ground but will direct Underwood to revise its privilege log as set forth below.

**Attorney-Client Privilege**

The attorney-client privilege prevents disclosure of communications between an attorney and client that were made while seeking or rendering legal services. *Upjohn Co. v. US*, 449 U.S. 383, 395 (1981). The party asserting the privilege bears the burden of demonstrating the privilege exists under the circumstances presented. *In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).

*Waiver*

Plaintiff argues that the attorney-client privilege between GMAC and Underwood was waived when one of the Defendants, Green Tree Financial Servicing, LLC,[3] produced in discovery some of the communications between Nancy Dilworth (GMAC) and Blanche Grubbs (Underwood) regarding the Plaintiff's property. The attorney-client privilege is broad, but it may be waived. A waiver may occur when a client reveals otherwise privileged communications to a third party. *See Jackson Medical Clinic for Women, P.A. v. Moore*, 836 So. 2d 767 (Miss. 2003).

Underwood, however, argues that Green Tree cannot waive the attorney-client privilege that existed between GMAC and Underwood. Presumably, GMAC held the attorney-client privilege jointly with Green Tree under the common interest privilege.[4] The "common interest"

---

[3] According to Plaintiff, both GMAC and Green Tree serviced her loan.

[4] Plaintiff does not argue that the initial disclosure to Green Tree was a waiver of the attorney-client privilege between GMAC and Underwood.

or "joint defense" privilege is an exception to the general rule that no privilege attaches to communications that are made in the presence of or disclosed to a third party. *In re Auclair*, 961 F.2d 65, 69 (5th Cir. 1992) (holding that the joint defense or common interest privilege preserved the attorney-client privilege against waiver in the context of a group with common legal interests); *Knight v. State*, 751 So. 2d 1144, 1152 (Miss. App. 1999).  The Fourth Circuit has provided a concise explanation of this privilege:

> [T]he common interest doctrine applies when two or more parties consult or retain an attorney concerning a legal matter in which they share a common interest.  In this context the communications between each of the clients and the attorney are privileged against third parties, and it is unnecessary that there be actual litigation in progress for this privilege to apply.

*Hanson v.U.S. Agency for Int'l Dev.*, 372 F.3d 286, 292 (4th Cir. 2004) (citations omitted).

Importantly, when the attorney-client privilege is jointly held, one privilege holder cannot waive the privilege on behalf of another privilege holder. *See Auclair*, 961 F.2d at 69; *In re Western Fidelity marketing, Inc.*, 2001 WL 34664165, at *10 (N.D. Tex. June 26, 2001); *Akins v. Worley Catastrophe Response, LLC*, 2013 WL 796095, at ** 11-13 (E.D. La. March 4, 2013).  The common interest privilege prohibits one privilege holder's disclosure from waiving another's privilege.  Every holder of the privilege has the right to resist disclosure.  Accordingly, Green Tree's disclosure associated with Underwood's files does not waive GMAC's attorney-client privileges concerning the same subject matter.[5]

*Crime-Fraud Exception*

---

[5] Because the Court finds that Green Tree's disclosure did not waive GMAC's attorney-client privilege and because the issue has been raised by Green Tree in its Motion to Seal [51], the Court will not address Underwood's assertions that Green Tree's disclosure was inadvertent.

Plaintiff also argues that the attorney-client privilege does not apply because of the crime-fraud exception.  The attorney-client privilege may be vitiated by a showing that the documents claimed to be protected were prepared in furtherance of a crime or fraud. *In re Grand Jury Subpoena*, 419 F.3d 329, 335 (5th Cir. 2005).  The party seeking to invoke the crime-fraud exception bears the burden of establishing a *prima facie* case that the attorney-client relationship was intended to further criminal or fraudulent activity. *Id.*  To make the necessary *prima facie* showing, Plaintiff "must produce evidence such as will suffice until contradicted and overcome by other evidence" to establish the elements of a crime or fraud. *Id.* at 336.  "Allegations in pleadings are not evidence and are not sufficient to make a *prima facie* showing that the crime-fraud exception applies." *Id.*  Also, Plaintiff must show "some valid relationship between the work product under subpoena and the *prima facie* violation" or that the "material reasonably relate[s] to the fraudulent activity." *Id.*

Plaintiff alleges that GMAC had a fraudulent intent to (1) obtain a security interest on fifty acres of Plaintiff's land and (2) foreclose on Plaintiff's note and deed of trust after she paid her mortgage in full.  Plaintiff argues that the documents at issue are essential for Plaintiff to prove that there was a "scheme."  Plaintiff, however, has failed to present evidence that would establish a *prima facie* case of fraud.  Plaintiff's allegations are insufficient to carry the burden of establishing a *prima facie* case.

Because the Court finds that neither waiver nor the crime-fraud exception negated GMAC's attorney-client privilege, Underwood's Motion to Quash is granted as to any communications between GMAC and Underwood.

**<u>Work Product Doctrine</u>**

5

Underwood also contends that certain documents at issue are protected by the work product doctrine.  As an initial point, it is unclear whether Underwood is withholding any documents on the basis of attorney work product that are not otherwise protected by the attorney-client privilege.[6]  To the extent that Underwood is withholding documents on the basis of attorney-work product alone, the Court will addresses the applicability of that doctrine.

The work product doctrine is governed by Federal Rule of Civil Procedure 26(b)(3). "The work product doctrine does not exist to protect a confidential relationship but to promote the adversary system by safeguarding the fruits of an attorney's trial preparations from the discovery attempts of an opponent." *Liberty Mutual Ins. Co. v. Tedford*, 644 F. Supp. 2d 753, 764 (N.D. Miss. 2009).  The work product doctrine only protects materials that were prepared in anticipation of litigation. Fed. R. Civ. P. 26(b)(3).  Documents prepared in the ordinary course of business or that would have been created in similar form irrespective of the litigation are not protected as work product.

Underwood has the burden of establishing that the information at issue is work product. *Hodges, Grant & Kaufmann v. U.S.*, 768 F.2d 719, 721 (5th Cir. 1985).  Plaintiff argues that none of the documents are protected by the work product doctrine because they were not made in anticipation of litigation.  Underwood asserts that the documents were prepared in anticipation of litigation.  These assertions, however, are not accompanied by any facts demonstrating that the documents were produced in anticipation of litigation.  Underwood does not point to a time when it and GMAC began to reasonably anticipate litigation and does not demonstrate that the

---

[6] Underwood shall identify any such documents withheld on the ground of attorney-client privilege in a revised privilege log as set forth on page 10 of this Order.

documents would not have been prepared even if litigation was never expected.  Accordingly, Underwood has not met its burden of establishing that the sought-after documents are protected by the work product doctrine.

**Specific Requests**

*Requests 1 & 4*

In two of Plaintiff's requests (1 and 4), Plaintiff seeks Underwood's entire foreclosure file and deed reformation file for Plaintiff's property.  In addition to arguing that these documents are protected by the attorney-client privilege and work product doctrine, Underwood asserts that these requests are overly broad and vague.

Underwood "has the burden of proof to demonstrate that compliance with the subpoena would be unreasonable and oppressive." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).  Underwood has failed to meet its burden of establishing that this request is overly broad or vague.  According to Plaintiff, GMAC hired Underwood to explore the options of reforming Plaintiff's deed of trust and foreclosing on Plaintiff's property.  Plaintiff is requesting Underwood's files relating to Underwood's services regarding the *options* of reforming Plaintiff's deed of trust and foreclosing on Plaintiff's property.  Accordingly, the Motion is denied as to the documents not otherwise protected by the attorney-client privilege.

*Request 2*

Plaintiff seeks manuals on foreclosure supplied by GMAC, Green Tree, Ocwen, or Fannie Mae.  Underwood asserts that this request is vague and overly broad and seeks confidential, proprietary commercial information.  Underwood does not explain how this request is overly broad or vague.  Thus, Underwood has failed to meet its burden of establishing that this

request is unreasonable or unduly burdensome.

To the extent Underwood sets out conclusory assertions that the manuals in question constitutes confidential, proprietary commercial information, Underwood fails to establish grounds for withholding the manuals.  Additionally, if Underwood deems it necessary, such production may be designated confidential pursuant to the Agreed Protective Order [21].  Accordingly, the Motion is denied as to the documents not otherwise protected by the attorney-client privilege.

*Request 5*

Plaintiff seeks the "handwritten notes, hard copies of computer entries, or any other notes and memoranda made by Blanche Grubbs regarding her handling of the foreclosure and/or deed reformation involving" Plaintiff's property.  In addition to arguing that these documents are protected by the attorney-client privilege, Plaintiff asserts that Grubbs did not "handle" a deed reformation or a foreclosure with reference to Plaintiff's property.

From the documents previously produced in discovery, it is clear that Grubbs was largely involved in Underwood's services to GMAC regarding Plaintiff's property and deed of trust.  Grubbs may not have "handled" a foreclosure of Plaintiff's property or a reformation action of Plaintiff's deed of trust, but it appears she was involved.  The documents demonstrating her involvement in services regarding foreclosure or reformation action, as opposed to "handling" such actions, should be produced unless they are otherwise protected by the attorney-client privilege.

*Request 6*

Plaintiff seeks records of any investigation conducted in connection with the foreclosure

and/or deed reformation.  Underwood argues that these documents include information protected by the attorney-client privilege and work product doctrine.  Nevertheless, Underwood states that it will produce certain documents in compliance with the subpoena.  Additionally, Underwood shall produce any other documents in compliance with the subpoena that are not protected by the attorney-client privilege.

*Request 7*

Plaintiff seeks the personnel file of Blanche Grubbs.  Underwood argues that this information is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.  Indeed, parties are required to seek only relevant information.  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b).  Neither Blanche Grubbs nor her former employer, Underwood, is a party in this action.  The information that would be found in Grubbs's personnel file is not relevant to any of Plaintiff's claims.  Thus, Grubbs's personnel file need not be produced.

*Request 8*

Plaintiff seeks the title search and title opinion on any property owned by Plaintiff.  Underwood states that it will produce the abstractor notes and land records copied as a result of the title search, but Underwood objects to the production of the title opinions as they are protected by the attorney-client privilege.  This is an adequate response to the subpoena.

*Request 9*

Plaintiff seeks Underwood's statements of services rendered regarding Plaintiff's property.  Underwood asserts that the invoices contain details regarding its communications

between it and its clients and mental impressions of its attorneys.  Underwood argues that such

information is privileged.  Underwood states that it is willing to produce redacted copies of its

invoices in an effort to comply with the subpoena.  This is an adequate response to the subpoena.

*Request 10 & 11*

Underwood asserts that it is not in possession of any documents that comply with these

subpoena requests.

*Request 12*

Plaintiff seeks all communications from Blanche Grubbs to employees of GMAC, Fannie

Mae, and Green Tree.  This information may be protected by the attorney-client privilege and

need not be produced.  However, if any documents are withheld on this ground, they shall be

specifically identified in a privilege log which shall include the information set forth below.

**Further Instructions**

On or before June 3, 2014, Underwood shall file with the clerk of court a supplemental

privilege log which contains (for each document withheld as subject to the attorney-client

privilege) the name of the document; description of the document, which description must

include each requisite element of the privilege asserted; date; author(s); recipient(s); and nature

of the privilege.

Underwood need not produce those documents which it claims are protected by the

attorney-client privilege, but those documents protected by the work product doctrine alone shall

be produced on or before June 3, 2014, along with any other documents ordered produced

herein.        IT IS, THEREFORE, ORDERED that Underwood's Motion to Quash [44] is

granted in part and denied in part as set forth above.

10

SO ORDERED this the 23rd day of May, 2014.

s/Michael T. Parker
United States Magistrate Judge