

# Full Disclosure, LLC
## Jay Patterson, CFE
Forensic Accountant | Examiner | Analyst
646 Quapaw Ave. Hot Springs, AR 71901
501-276-1108   email – jay@fulldisclosurellc.com

# SUPPLEMENTAL AND AMENDED

# EXPERT WITNESS REPORT

# OF

# BERNARD JAY PATTERSON, CFE

**for**

**Samuel S. McHard, Esq.**

**IN THE MATTER OF:**

**PORTIA ISHEE**
**VERSUS**
**FEDERAL NATIONAL MORTGAGE ASSOCIATION, ET AL**

**Case No. 13-234**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**August 1, 2014**

Page 1 of 17



EXHIBIT
C

# REPORT CONTENTS

| SECTION | DESCRIPTION |
|---|---|
| I | Introduction and Qualifications of Forensic Accountant and Certified Fraud Examiner |
| II | Document Key and Documents Examined List |
| III | Supplemental Analyses |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# SECTION I

# INTRODUCTION

I, Bernard Jay Patterson, CFE, owner of Full Disclosure, LLC prepared this report. I have compiled the information, examined the data and formulated the conclusions contained in this report at the request of Sam McHard and Daniel Waide in connection with the above styled case. I have extensive experience in the forensic investigation, examination and analyses of mortgage loans in both the servicing and securitization areas. My Curriculum Vitae is attached. *(Attachment #1)*

Initially, I was asked by counsel to review documents, accounting records, computer records and pleadings in the case at hand and offer my findings on the following items:

1. Provide a forensic accounting investigation, examination, and analysis of the mortgage loan transactions during the life of the subject mortgage loan and report and offer my findings and conclusions.

Subsequently, based upon review of documents and information provided or obtained after the date of my original report, I am issuing a supplemental and amended expert witness report which addresses issues that have arisen since the issuance of my original expert witness report as well as correcting three typographical errors contained in the original report. This supplemental report will address specifically the following items:

1. Amending the analysis, conclusion and opinion regarding the servicers GMAC's Receipt and Application of Insurance Claim Funds section of the initial report. (pages 10-12)

2. Conducting the fraud analysis of the actions of GMAC, Green Tree and Fannie Mae.

3. Analysis of the Fannie Mae Guides regarding standards for servicing the Ishee mortgage.

4. Analysis of the force placed insurance issues, including credits and claims.

5. Finalizing Ishee's economic damage calculation.

# SECTION II
# Additional Documents Examined and Attachment Key

## Documents Examined and Relied Upon

| DOCUMENT PRODUCTION: |
|---|
| ISHEE 000001-000415 |
| FANNIE MAE/Ishee 000001-000064 |
| FANNIE MAE/Ishee 000065-000213 |
| FANNIE MAE/Ishee 000214-000247 (Master Agreement, MSSC) |
| FANNIE MAE/Ishee 000248 (Schedule of Mortgages) |
| ALFA SDT 000001-000216 |
| Documents from previous attorney's file-Lee Turner |
| Underwood SDT 000001-000171 |
| GREEN TREE · Ishee - 000373-000375 |
| GREEN TREE - Ishee - 000001-000606 |
| GREEN TREE - Ishee - 000632, 000641 |
| GREEN TREE - Ishee - 000719-000749 |
| GREEN TREE - Ishee - 000848-876 - LPI and Payments & Hierarchy |
| GREEN TREE - Ishee - 001343-001451 GMAC-Ocwen Agreement |
| GREEN TREE - Ishee - 002155 -02168 |
| GREEN TREE - Ishee - 002455-002480 (Servicing Transfer Agr.) |
| Trustmark Documents used in Harvison deposition |

| PLEADINGS: |
| --- |
| Doc 10- Case Management Order |
| Doc 47- Order extending deadlines |
| Doc. 80- Revised Motion to Amend Complaint |
| Doc. 80.5- Exhibit 4 Amended Complaint |

| EXHIBITS: |
| --- |
| EX 4 - Ishee Loan Application |
| EX 6 - Underwood Foreclosure Letter |
| EX 14 |
| EX 15 - Case Note |
| EX 20 - Revised Payoff Statement 2010.10.08 |
| EX 21b - Insurance Adjuster Notes |
| EX 26 - Payoff Statement |
| EX 28 - Payoff Statement |
| EX 31 - Payoff Statement |
| EX 38 - Payoff Statement |
| EX 43 - Payoff Statement |
| EX 53 - Payoff Statement |
| EX 40 - Payoff Statement |
| EX 41a - Green Tree Service Notes |
| EX 62a  - Green Tree Emails |
| EX 68 - Underwood Foreclosure Letter |
| EX 73 - Green Tree's 10/22/13 Response |

| |
|---|
| EX 82 - Form 176 - Green Tree |
| EX 83 - Form 176 - GMAC |
| EX 113 · Balboa Insurance |
| EX 115 - FNMA 000022 |
| EX 197 - Building Valuation Report |

| DISCOVERY: |
|---|
| Green Tree 1st Supplemental Response to INT |
| Green Tree 2nd Supplemental Response to INT |
| Fannie Mae 1st Supplemental Response to INT and RFP |

| STATUTES: |
|---|
| §81-18-3 Definitions |
| §81-18-21 Recordkeeping - inspections and investigations |
| §81-18-27 Prohibited Conduct SAFE ACT |
| §81-18-3.5 Mortgage Transaction journal requirements-MS SAFE ACT |
| §81-18-55 Servicing requirements for mortgage lenders |

| COURT RULES: |
|---|
| FRCP 4(d)(1)(G) |
| FRCP 5(b)(2)(c) |
| FRCP Rule 6 |

| MISCELLANEOUS: |
| --- |
| Fannie Mae Single Family Selling and Servicing Guides, 2006, 2010, 2011, 2012 |
| https://www.fanniemae.com/singlefamily/servicing |

# SECTION III

# Amended Analyses of GMAC's Receipt and Application of Insurance Claim Funds

Page 14 of my initial report contains the following section titled "Additional documentation requested".

*Servicing notes during the time GMAC serviced this loan are not found in any of the documents provided to me. In order to assist with my analyses of when GMAC actually received the insurance claim proceeds, these items are needed and requested.*

My initial analyses concerning the receipt of the insurance proceeds by GMAC was limited due to the lack of servicing notes from GMAC during the time these funds were received. These documents were requested however were never produced. Because these documents have not been produced I must now analyze the available evidence before me. Also, please note that FNMA Guides provide a presumption that is applicable. That presumption states: "When a servicer does not respond to our request to produce any document or other records that we require it to maintain, we will presume that it did not produce the requested records because they would confirm that the servicer did not take certain actions that we require." This presumption is significant in forensic analysis because FNMA had the right to inspect and copy these documents at any time upon request and owned them. Further, the Guides and the transfer of servicing documents provide that Green Tree obtained the records prior to transfer and had a duty to obtain and retain the records.

The Alfa insurance check in the amount of $99,623.48 was sent from Alfa to GMAC on November 4, 2010. This check was accompanied by a cover letter addressed to: **GMAC Mortgage LLC, Payoff.** This letter stated: *"**Attached is a draft representing a payment associated with this claim. Please be certain to call me if you have any questions regarding regarding this payment."** The letter and check were both signed by Kevin Holbrook, an adjuster with Alfa Insurance Corporation. There is no evidence that FNMA, Green Tree, or GMAC ever called Kevin Holbrook after receipt of the check to express any questions, problems, or concerns.

The insurance funds remitted totaled the amount of the 10/8/2010 payoff from GMAC plus 14 days of per diem interest. According to my calculations, the per diem interest would be sufficient to pay the loan off through 11/11/2010.

Even though the insurance check was sent from Alfa on 11/04/2010 it was not credited to the borrower's account with GMAC until 11/16/2010. Even if the check was "credited" on November 16, 2010, the additional accrued interest amounted to approximately $93.60.

My intial report requested the servicing notes from GMAC for this period to investigate the actual date GMAC acknowleged receiving the insurance check. Without these important documents, I was hesitant to issue an opinion regarding when GMAC actually received the check. However, absent these documents and after further examination of the evidence my conclusion is that GMAC received the ALFA insurance check on 11/08/2010. This date was sufficient to apply the proceeds to fully pay off the loan.

My analysis of the insurance check indicates a stamped date on the check of 11/08/2010. Since the original check was generated, signed and mailed to GMAC by the adjuster, Kevin Holbrook, no other person other than GMAC could have placed this stamp on the check. The adjustor notes state that this document is a "copy of the cleared draft." I believe that this date stamp of 11/08/2010 was the date the check was received by GMAC. There is no other evidence that has been presented that shows this check was received after 11/08/2010. Furthermore, the evidence shows this check was not credited to the borrower's account for 8 days after receipt which caused the funds to be insufficient to pay the loan off in full.

§701 of the Servicing Protocols of Green Tree for servicing Fannie Mae loans describes the protocols for loan payoffs and payoff requests. Green Tree 000849 - 000850 provides that " all verbal and written payoff requests should be processed accurately and in a timely manner... Customers and authorized third parties can request payoff information... Refunds for overpayment are required to be refunded in 10-14 days from posting date. In cases of "Total Loss Insurance Payoff" insurance company payoffs are required to be handled as follows:

> "Insurance Company Payoff – When the payoff is received from an insurance company the payoff date is equal to the date the insurance check was issued. However, the check may not be received as of that date. The refund is sent based on the 'Last Payment' or 'Last Payoff' date.
>
> The payoff is backdated to the date on the insurance claim check and the interest stops accruing." 000854

Assuming this protocol is consistent with servicing industry standards and with FNMA standards, after Alfa requested a payoff statement to pay off the Ishee loan on 10/08/10 as noted by the Alfa adjuster notes, the check dated November 4, 2010, was sent to GMAC and received by GMAC and should have been credited to the Ishee loan account on the date of the check (11/04/2010). GMAC did not do this. Furthermore, when Greentree paid the loan in full after this litigation was filed, they did not pay the loan off according to their own protocols. Greentree, instead paid the loan off as of the 11/16/2010 date.

Also, the Guides required that unapplied funds be placed in an interest bearing account. At typical savings rate, this is additional economic loss to Ishee. At 1% this would be $2,961.40

that Green Tree and GMAC collected due to improper holding of funds. These funds should be paid to Ishee.

Per the Guides, GMAC and Green Tree held the unapplied funds of $99,623.48 in a fiduciary capacity for the benefit of Ishee. This fiduciary duty imposed the duty of utmost loyalty and good faith and the servicers may not reap benefits of the transaction to the disadvantage of Ishee or Fannie Mae. Also, the fiduciary duty of care of the servicer regarding these funds requires that the servicers provide the property information concerning these funds. Green Tree and GMAC did not do this.

"In all instances the servicer must deposit the funds not disbursed in an interest bearing account for the borrowers benefit" II Chapter 5 §501 and 501.01.

In addition, the Servicing Guides 2010 and 2012 impose a fiduciary duty on the servicers as follows:

> "The servicers authorization to receive, handle or dispose of funds representing mortgage payments or of other funds related to the mortgages it services for us is limited to those servicing actions that are expressly authorized."

**It is therefore my opinion that due to this evidence, the loan should have been paid in full at the very least on 11/08/2010 and foreclosure referral, foreclosure activities, and the current litigation should have been avoided.**

## ANALYSIS OF FANNIE MAE GUIDE

According to FNMA Guide, the servicers both transferor (GMAC) and transferee (Green Tree) are responsible for maintaining individual mortgage files and accurate accounting and borrower payment records and to ensure their accuracy, Chapter 4, 2010. Further, "All mortgage papers and documents including... insurance policies and insurance premium receipts, insurance claim files and correspondence, foreclosure files and correspondence, current and historical, computerized data files and all other papers and records of whatever kind or description that are reasonably required to service a mortgage properly are require to be retained and are the property of FNMA.

§406 access to records provides:

> On our written request, the servicer must deliver all mortgage records and documents to us or to whomever we designate. When a servicer does not respond to our request to produce any document or other records that we require it to maintain, we will presume that it did not produce the requested records because they would confirm that the servicer did not take certain actions that we require.

The provisions require both GMAC and Green Tree to have the complete accurate file including servicing notes or else the adverse presumption applies:

> Because the transferee servicer will be liable to us for all obligations of the transferee servicer, we expect that the transferee servicer will perform a "due diligence" review of the servicing portfolio that it is acquiring. However, the transferee servicer's obligation to us are not contingent on the performance of such "due diligence' review. To assist the two servicers in processing and reconciling the transfer of servicing, we have designated a series of reports that should significantly reduce the likelihood of errors or delays in the transfer process.

§205

> **Assumption of Warranties and Other Obligations**
>
> The transferee servicer must assume all of the responsibility, duties, and selling warranties that were agreed to either when the mortgage was originally sold to us or subsequent to that date. This includes responsibility for the performance of obligation that predate the transfer, including "special obligations" (as that term is used in section 201.02). However, the transferee service's assumption of these responsibilities, duties and warranties will in no way release the transferor servicer from its contractual obligations related to the transferred mortgages. The two services will be jointly and severally liable to us for all warranties and for repurchase, all special obligations under agreements previously made by the transferor service or any previously seller or servicer (including actions that arose prior to the transfer).

§205.03

> The transferor servicer must deliver to the transferee servicer the individual mortgage files and records for each mortgage included in the transfer. The individual mortgage files should include all original documents related to the origination and servicing of the mortgage being transferred as well as all files, reports, books, and other records that pertain to the mortgages.

§205.06

These provisions require both GMAC and Green Tree to have the complete and accurate file including servicing notes or else the adverse presumption applies.

Exhibits 26, 28, 31, 38, 43, and 53 are GMAC Payoff Statements issued after November 8, 2010. Each statement shows $0 in unapplied funds. These payoff statements contained materially

significant omissions and inaccuracies that were transmitted to Portia Ishee and relied upon by Portia Ishee.

The FNMA Servicing Guide for 2010 and 2012 provide that the servicer is responsible for taking prompt action to protect the interest of Fannie Mae and the borrower when a hazard loss occurs and to work closely with the insurance carrier for insured losses and the borrower. The servicer is responsible for helping the borrower with such hazard losses and as soon as the servicer learns of the loss the servicer must "get complete details on the damage, whether the borrower has filed proof of loss claim and discuss with the borrower as plans for repairing the property. Here Alfa prepared on 10/4/10 a valuation of the cost of repair to the Ishee residence. According to the adjuster notes the valuation was set to GMAC (Len") when requested. The Alfa valuation showed costs to repair of over $258,000 and this total loss the repairs significantly exceed the ACV of the residence and the insurance proceeds.

Although Ishee had evidence of private insurance in effect in from September, 2009 to March 29, 2010 - based on the declaration sheet from Alfa Insurance SDT production, and based on records from Balboa, GMAC had LPI of $203,600 in force on Ishee's dwelling on date of fire, 9.23.10. Those premiums were charged to Ishee and never refunded. If Green Tree did not refund the LPI premiums of $1,288 for the period 3/29/10 to 9/23/10, then it should have filed a claim with Balboa for the total fire loss that occurred while this coverage was in force.

Green Tree 000026 (service note) says, "Funds posted 10/26/12 were insurance refund." The $3,907 refund on this date (Fannie Mae 000051) is the full premium for Lender Placed Insurance with Balboa for the period 3/29/11 - 3/29/12, per the Balboa SDT production. See also GT 000403. The refund on 10/26/12 (Fannie Mae 000051) was the partial LPI premium of $1,338. The October 22, 2013 response letter to Ishee contained statements that were not consistent with Green Tree's investigation and its May 28, 2013 Form 176 to FNMA. Despite Heather Schumacher, Green Tree's Foreclosure Specialist, knowing that the funds were applied to principal when Ishee's loan was transferred from GMAC (EX 62a), Green Tree stated, "the funds are still in the holding account." "If you would like to use the $99,623.48 to pay down the principal balance, please contact . . ." Green Tree's October 28, 2013 letter was contrary to its May 28, 2013 findings and recommendation and its threat to Portia that foreclosure proceedings would continue on her account.

GMAC refunded $1,338 from the force placed premium of $2,626 for the period 9/24/10 - 3/29/11. Therefore, the $1,288 premium charged by Green Tree and which Green Tree refused to refund Portia Ishee was for LPI with Balboa from 3/29/10 - 9/23/10.

$2626 Premium–GMAC credited $1,338 for Premium Refund from force placed insurance

This amount represents unearned premium after fire until end of policy on 3/29/11 (179 days,179/365, $2621 = $1288

Forced placed carrier charged Ishee from date of commencement of policy

$2626 = 1288 earned premium.

The Alfa total loss insurance payoff check, in response to the revised payoff dated 10/8/10, was issued and sent to GMAC on 11/4/10. Therefore, the payoff of the Ishee loan should have been backdated to at least 11/8/10. Without considering the effect of the negative escrow balance of $2,626 or the optimal products charged of $74.70 in the 10/8/10 revised payoff statement, the overpayment from the 11/4/10 Alfa check of $99,623.48 would be approximately three days of accrued interest = $56.16. There is no basis in the records for any charge for optimal products and at a minimum there is no basis for $1,288.00 of the force placed insurance. Therefore, the refund due Ishee from overpayment should have been at least $1,418.66 as of 11/8/10 with refund due on 12/16/10, (30 days after the application of the funds on 11/16/10). It is also noted that if Greentree had applied the payoff funds according to their own protocols, the payoff date would have been 11/04/2010 which would equal an additional four days interest refund of approximately $74.88.

Exhibit 115 - FNMA 000022 is a Fannie Mae Case Note and it shows: 1) Fannie Mae was on notice that the insurance check from Alfa was to pay off the loan; 2) GMAC received the Alfa check on 11/4/10 "for more than the loan," and 3) the matter should have been taken care of. Despite this knowledge, Fannie Mae instructed GMAC to proceed with foreclosure of Ishee's property.

GMAC and the subsequent servicer had knowledge that 1) Deed of Trust encumbered 10 acres and a house; 2) the house and land value was over $150,000 by their appraisal; 3) the house was destroyed by fire on 9/23/10 and declared a total loss; 4) replacement cost exceeded $225,000; 5) it was not economically feasible to rebuild; 6) GMAC did monthly inspections beginning September 25, 2010; 6) and on 11/8/10 GMAC received an Alfa insurance check in an amount greater than the payoff. Fannie Mae had knowledge of these facts from the three Form 176 sent to Fannie Mae by the servicer.

Exhibit 82 is the third Form 176 sent to Fannie Mae by Green Tree. Fannie Mae knew the facts from Form 176 to apply the Alfa funds and satisfy the loan, but refused, and Green Tree and Fannie Mae knew or should have known to investigate facts regarding total loss and receipt of Alfa check sufficient to pay off loan. Likewise, Attachment 29 is the first and second Form 176 that Fannie Mae received from GMAC/Balboa back in December 2011 (Exhibit 83). In both instances Fannie Mae rejected the facts and demanded foreclosure and sent two collection letters which raise the threat of foreclosure in July (EX 6) and October, 2013 (EX 68). Upon transfer of

servicing, Green Tree force placed insurance and continued with foreclosure activity and deed reformation actively.

## Greentree's Servicing Conduct

Greentree purchased the servicing rights for some Fannie Mae owned loans from GMAC effective 02/01/2013. Upon transfer and due diligence of such a significant purchase, a loan account with unapplied funds of over $99,000.00 should have been a material and unusual item which should have warranted further examination by Greentree. Despite requests by the borrower, servicing records from GMAC, and prior property inspection records, Greentree did not investigate this account for at least six months. Even after its investigation in May 2013 and its Form 176 recommendation to FNMA to accept the Alfa total loss proceeds to satisfy the Ishee loan, Green Tree made representations to Ishee in response to Ishee's August 28, 2013 letter that are false. Furthermore, Green Tree did not correct this account until after the current litigation was filed.

In the interim, Green Tree kept the home in foreclosure status. Green Tree sent a letter to the borrower on 2/15/2013 that made no mention of the $99, 623.48 held in unapplied funds. Greentree sent another letter to the borrower on 2/19/2013 which also did not mention the $99,623.48 held in unapplied funds. In fact, this letter stated that the amount owed is $114,503.29. Greentree referred the account to foreclosure on 03/08/2013. Greentree also placed force-placed insurance on a home that did not exist and was continuing deed reformation activity. Greentree also accepted telephone calls from the borrower regarding the payoff and foreclosure.

## Fannie Mae

Fannie Mae had knowledge that there were $99,623.48 in unapplied funds. Fannie Mae also received three Form 176 requests from GMAC in 2011 and 2012 to accept short payoff of the loan with the insurance proceeds. Fannie Mae instructed GMAC both times to proceed with foreclosure. Fannie Mae also instructed Greentree to proceed with foreclosure on 05/29/2013. There is no evidence to indicate Fannie Mae did any type of investigation as to whether or not the loan should have been paid off in the beginning.

**Insurance Claims under Alfa and Balboa**

Plaintiff's counsel has requested calculations to determine the amount of funds that would have been due to the borrower if both the force-placed insurance policy and the Alfa insurance policy would have been paid to GMAC. The calculations are as follows:

Alfa:   2 checks (GMAC $99,623.48, Ishee $112,076.52)      TOTAL: $211,600.00

Meritplan/Balboa:      Face amount                                    : $203,600.00

Less Amount actually owed by GMAC as of November 8, 2010      : $  98,154.70
(using only $1,338 credit of $2,626 LPI premium)

Balance                                                              $317,045.30

**Economic Damage-Alternative #1-No claim paid under Balboa policy:**

| | | |
|---|---|---|
| 1. | Interest on $99,523.48 at 1% rate from 11/16/10-11/6/13[1] | $2,961.40 |
| 2. | Refund of $1,288.00 LPI premium from not previously refunded | $1,288.00 |
| 3. | Incorrect assessment of "Optional products" | $  74.70 |

TOTAL ECONOMIC DAMAGE-Alternative #1          $4,324.10

**Economic Damage-Alternative #2-Face amount claim paid under Balboa policy:**

| | | |
|---|---|---|
| 1. | Interest on $99,523.48 at 1% rate from 11/16/10-11/06/13 | $2,961.40 |
| 2. | Assuming that LPI for which premium of $1,288 was charge in effect and had face value of time of total loss fire on 9/23/10 Exhibit 113[2] | $203,600.00 |
| 3. | Incorrect assessment of "Optional products") | $74.70 |

TOTAL ECONOMIC DAMAGE-Alternative #2          $206,636.10

---

[1] Per Fannie Mae Guide

[2] I make no legal conclusion or determination of the effect of Mississippi law on the insurance policy. This is only for an assumption that both policies would have paid the loss.

## Corrections to previous report:

Page 4 refers to "Les" Turner. The correct name should be "Lee Turner".

Page 7 of the original expert report: The date shown as GMAC force placed insurance-2,626.00 is shown as 7/1/2010. The correct date should be 7/19/2010. This was the date the premiums was charged to the loan. The effective date of the LPI policy was 3/29/2010.

The date shown as 1/29/2011 indicates the attachment is #14. The correct attachment is $16.


## Additional Analysis:

I reserve the right to amend this report based on information received after the issuance of the same. I expect to testify and to use certain exhibits at trial, and understand that I may be asked to express opinions in rebuttal of matters that are raised at trial.

## Compensation:

I am billing Samuel S. McHard, Esq. in this matter at my usual and customary rate of $200.00 per hour plus costs incurred. Attached is my rate schedule.

## Signature:

I certify that the above is a true and correct copy of my expert witness report required Rule 26 of the Federal Rules of Civil Procedure to be presented to the United States District Court and for the Southern District of Mississippi. Signed and dated this 1st day of August, 2014.

Bernard Jay Patterson, CFE

**ATTACHMENT #29**

**Date:** Tuesday, May 28, 2013 5:26:47 PM
**From:** Vicky.Turner@greentreecreditsolutions.com
**To:** hazard_loss@fanniemae.com;
  Candace.Novak@greentreecreditsolutions.com;
**CC:** Cathleen.Melendez@greentreecreditsolutions.com;
  Heidi.Schmidt@greentreecreditsolutions.com;
**Subject:** Form 176 Fannie Mae Ln # 1702577706-Ishee

Green Tree received $99,623.48 in claim funds from a previous servicer. Per the site inspection of 04/22/2013, the home was tenant occupied. Green Tree would like to hold the claim funds until the foreclosure has been completed.

Thank you,

Vicky Turner
Claims Representative
Green Tree Servicing
Claims Department
1-800-544-8056 x 55302



EXHIBIT
83

FANNIE MAE/Ishee - 000018

05/29/2013 p2ucao                                          General

Vicky, Thank you for contacting the Servicer Support Center regarding the loss
drafts. Please continue with the foreclosure sale. Reduce the foreclosure bid by the
amount of $99,623.48. After the foreclosure sale, remit the insurance proceeds to
Fannie Mae as a special remittance (Code 332, Hazard insurance recovery) through
the Cash remittance System (CRS). Should you require additional assistance please
let us know. Servicer Support Center: Fannie Mae | National Servicing Organization
Servicer Support Center 888-326-6435, servicing_solutions Technology Support,
888-326-6438, Option 2 Marketing 888-326-6438, Option 4 csc_marketing
Underwriting Support 888-326-6438, Option 5 Website: www.efanniemae.com This
e-mail and its attachments are confidential and solely for the intended addressee(s).
Do not share or use them without Fannie Mae's approval. If received in error, contact
the sender and delete them.


08/08/2012 p2ujwf                                          General

GMAC, Thank you for contacting the Servicer Support Center regarding the loss
draft claim on Fannie Mae loan# 1702577706. Recommended action to accept
proceeds as a short payoff has been denied. Please proceed with foreclosure as
instructed below. Continue with the foreclosure process and reduce the amount of the
foreclosure bid by the insurance claim proceeds of, $99,623.48 and continue forward
with the auction. Once the sale is complete, remit the funds to Fannie Mae via special
remittance code 332. The as-is value of the property is $90,000.00 per the valuation
report provided. Should you require additional assistance please let us know.
Servicer Support Center: Fannie Mae | National Servicing Organization Servicer
Support Center 888-326-6435, servicing_solutions Technology Support, 888-326-
6438, Option 2 Marketing 888-326-6438, Option 4 csc_marketing Underwriting
Support 888-326-6438, Option 5 Website: www.efanniemae.com This e-mail and its
attachments are confidential and solely for the intended addressee(s). Do not share or
use them without Fannie Mae's approval. If received in error, contact the sender and
delete them.

Confidential - Internal Distribution

FANNIE MAE/Ishee - 000019

Katrece, Thank you for contacting the Servicer Support Center regarding the insurance proceeds. Please provide the current as-is value of the property. Based on your submission the property burned down, so this might be a land only value. The form 176 submitted reflects 99,623.48 as the current as-is value of the property. In order to approve a recommendation of charge off, we would need to have in writing that there is no value in the asset to be recovered through foreclosure. You current submission does not reflect that. Please resubmit your form 176 along with a BPO showing the current as-is value. Until the resubmission is receive please continue with the foreclosure and reduce the foreclosure bid amount by the insurance proceeds. Upon receipt of the resubmission we will re-review the file and determine is another course of action is appropriate. Should you require additional assistance please let us know. Servicer Support Center: Fannie Mae | National Servicing Organization General Servicing, Loss Mitigation & Real Estate Owned Inquires 888-326-6435 Underwriting Support 888-326-6438, Option 1 Servicer Support Center 888-326-6438, Option 2 servicing_solutions Marketing 888-326-6438, Option 3 csc_marketing Technology Support, 888-326-6438, Option 4 Lender Approval 888-326-6438, Option 5 lender_approval Website:www.efanniemae.com This e-mail and its attachments are confidential and solely for the intended addressee(s). Do not share or use them without Fannie Mae's approval. If received in error, contact the sender and delete them. -------------------------- From: katrece.turner@balboainsurance.com Sent: Thursday, December 15, 2011 2:39:00 PM To: hazard_loss@fanniemae.com CC: len.nicchia@balboainsurance.com; gmacplds@balboainsurance.com Subject: FNMA Form 176 Recommendation - Ishee - FNMA Acct. No. 1702577706 [WARNING : MSG ENCRYPTED COULD'T VIRUS SCAN] Good afternoon, Please find the attached recommendation to pay off the loan with the insurance funds and satisfy the mortgage. The FNMA Form 176 is attached as well as details in the recommendation template. GMAC Recommendation Template Issue: Borrower is requesting we settle the mortgage balance with the insurance proceeds that were received to repair the home. Insurance proceeds total $99,623.48 Risk to GMAC: GMAC could potentially suffer a loss of $14,417.17 based on the payoff quote expiring November 24, 2011. Recommendation: Apply the funds to the unpaid principal balance to satisfy the mortgage. No additional funds will be received by the carrier. Summary: This property suffered a fire loss on September 23, 2010. Loss Drafts received a letter from the borrower⊦s attorney requesting we settle the loan with the funds currently held in restricted escrow ($99,623.48). After application, they are requesting we forgive the remaining balance on the loan. We received a recent payoff statement from the borrower reflecting $114,040.65 due prior to November 24, 2011. Borrower Name PORTIA B ISHEE Account Number 0656318013 Tracking Number 121286 Property State Mississippi Original Appraised Amount 155,000.00 Unpaid Principal Balance 94,247.73 Homeowners Equity 60,572.27 Loan Status Foreclosure in Progress Investor FannieMae Property Type SFR Type of Loss Fire Date of Loss 09/23/2010 Date Reported 11/12/2010 Total Insurance Estimate 99,623.48 Insurance Funds Received 99,623.48 Insurance

Confidential - Internal Distribution

Funds Disbursed 0 Katrece Turner Operations Team Manager QBE FIRST Phone: 480.768.5174 Fax: 480.755.5908 Email: katrece.turner@balboainsurance.com Visit us on the Web at www.qbefirst.com ----------------------------------------------------------- ---------------------- This communication may contain privileged and/or confidential information. It is intended solely for the use of the addressee. If you are not the intended recipient, you are strictly prohibited from disclosing, copying, distributing or using any of this information. If you received this communication in error, please contact the sender immediately and destroy the material in its entirety, whether electronic or hard copy. This communication may contain nonpublic personal information about consumers subject to the restrictions of the Gramm-Leach-Bliley Act. You may not directly or indirectly reuse or re-disclose such information for any purpose other than to provide the services for which you are receiving the information. On [June 1, 2011], substantially all of the Balboa Insurance Group business, other than its life, credit and certain other businesses, was acquired by QBE Insurance Corporation and its affiliates (collectively, "QBE"). If the sender of this email is an employee of QBE, please note that the sender is no longer affiliated with Balboa Insurance Company or its affiliates, and you should direct any questions related to this communication or the servicing of your account to the Office of the General Counsel, QBE FIRST, 210 Interstate North Parkway, Atlanta, Georgia 30339.

Confidential - Internal Distribution

FANNIE MAE/Ishee - 000021

**ATTACHMENT #30**

**green tree**   Form 176 Fannie Mae Ln # 1702577706-Ishee
Vicky Turner  to: hazard_loss                          05/28/2013 03:26 PM
Cc:  Candace Novak, Cathleen Melendez, Heidi Schmidt

Follow Up:              Normal Priority.

Green Tree received $99,623.48 In claim funds from a previous servicer.  Per the site inspection of 04/22/2013, the home was tenant occupied.  Green Tree would like to hold the claim funds until the foreclosure has been completed.

62319296 Ishee Form 176.pdf

62319296 Ishee Site Inspection.pdf

Thank you,


Vicky Turner
Claims Representative
Green Tree Servicing
Claims Department
1-800-544-8056 x 55302

EXHIBIT

82

GREEN TREE/Ishee - 002155

 **FannieMae**

# Report of Hazard Insurance Loss

| Fannie Mae Loan Number 1702577708 | Servicer's Loan Number 62319296 | Date 05/28/2013 |
|---|---|---|

| Mortgagor's Name | Property Address |
|---|---|
| Portia B Ishee | 36 Muscio Rd<br>McLain, MS 39456 |

| | | Status of Mortgage is: |
|---|---|---|
| Date Loss Occurred | 01/01/2012 | |
| LPI Date | _____ | ( ) Current      (·) Delinquent _____ Installments |
| Estimated "as is" value | $ 100,000.00 | ( ) Under Relief      Total Delinquency $ 23,248.68 |
| Estimated "as repaired" value | $ 100,000.00 | (·) In Foreclosure |
| Estimated Cost to Repair (If loan is in liquidation, attach copy of bids) | $ 99,623.48 | ( ) Acquired Property |
| Amount of Deductible | $ 0.00 | |

| Loan Type | Lien Type | Property Type |
|---|---|---|
| ( ) FHA   (·) VA   (x) Conv. | (x) 1st Mortgage | (x) 1-4 Family |
| If FHA, is coinsurance involved? | (·) 2nd Mortgage | ( ) Multifamily |

Loss drafts in the amount of $ 99,623.48 _____ have been received in connection with the settlement of the loss sustained by the property securing the above mortgage: (Attach copy of insurance company's breakdown of the settlement amount between personal and real property, if any).

We recommend the following action:

(·) Accept a payoff of less than total indebtedness to minimize losses.

(x) Apply insurance proceeds to the mortgage debt whether or not then due, with the excess paid to mortgagor. The repair or restoration of the property is not economically feasible or Fannie Mae's security would be lessened.

(·) Mortgagor failed to answer within 30 days notice that insurance carrier has offered to settle claim. Collect insurance proceeds from insurance carrier and apply to:

     ( ) repair or restoration of property,

     ( ) mortgage debt, or

     ( ) as payoff of less than total indebtedness.

| Servicer's Name and Address | |
|---|---|
| Green Tree Servicing, LLC<br>Claims Department<br>PO Box 6156<br>Rapid City, SD 57709-6156 | By   Cathleen Melendez _____ |
| Servicer's Fannie Mae Number (9 digits) 261840111 | Title   Claims Supervisor |

Your recommendation has been approved, subject to:

By _____      Date _____

Fannie Mae<br>Form 176    July 96

**GREEN TREE/Ishee - 002156**

**FannieMae**

## Property Inspection Report

| 1. Name of Mortgagor | | 2. Fannie Mae Loan Number | 4. FHA, VA, or MI Number |
|---|---|---|---|
| **ISHEE B** | | 3. Pool Certificate Number<br>82316206 | |

| 5. Property Address | 6. Property Occupied by<br>(If Tenant, see No. 28 below) | 7. Product Type |
|---|---|---|
| **36 MUSCIO RD MC LAIN, MS, 39456** | ☐ Owner ☒ Tenant<br>☐ Vacant ☐ Abandoned | ( ) FHA<br>( ) VA |

| 8. Date of Inspection | 9. Inspected by (Name, Title, & Phone No.) | 10. General Condition of Property | Conv. Fixed |
|---|---|---|---|
| 4/22/2013 | FIVE BROTHERS | ☒ Good ☐ Poor<br>☐ Fair | Conv. ARM<br>Conv. GPARM<br>Second |

| 11. Comments (General Description of Property) | 12. Property Type |
|---|---|
| A) Interior    Tenant occupied per direct contact. Vehicle in driveway.<br><br>B) Exterior | ☒ Single Family<br>☐ 2-4 Family<br>☐ PUD<br>☐ Condo<br>☐ Cooperative |

| 13. Required Repairs (Attach List If Necessary) | 14. Please Check If |
|---|---|
| A) Interior<br><br>B) Exterior<br><br>C) Estimated Cost   $ _____ | ( ) Possible VA<br>    "No Upset Price"<br>( ) Special Servicing<br>    Option<br>( ) Serviced Under<br>    Part/Summary |

| 15. Unpaid Principal Balance | 16. Best Method of Financing Sale | 17. Status of Loan | | | |
|---|---|---|---|---|---|
| $ _____ | | 1st   2nd<br>( ) Delinquent<br>( ) Default<br>( ) Foreclosure | 1st   2nd<br>( ) Current<br>( ) REO Provided<br>( ) ( ) Acquired Property | | |

| 18. Opinion of Market Value | 19. Market Trend of Neighborhood (If Declining, Describe) |
|---|---|
| 100,000.00<br>$ _____ | ☐ Improving   ☒ Stable   ☐ Declining |

| 20. If vacant or abandoned, is house locked & secured against vandalism and elements? | 21. If appropriate, has property been winterized? | 22. Who has keys? | 23. Personal property in house? |
|---|---|---|---|
| ☒ Yes ☐ No | ( ) Yes ( ) No | ( ) Lender ( ) Mortgagor<br>( ) Tenant ( ) Etc. _____ | ☐ Yes ☐ No |

| 24. Names, Addresses, and Telephone Numbers of Brokers, Contractors, Potential Buyers, and others knowledgeable in the market who could assist in rehabilitation and sales effort on the acquired property. | 25. Attach photographs of property and neighborhood |
|---|---|
| FIVE BROTHERS MORTGAGE SERVICES, 14156 EAST ELEVEN MILE ROAD, WARREN, MI 48089<br>TEL: (586) 772 7600 | |

| 26. Assessment of Possibility of Vandalism | 27. Recommendations for Protection of Security |
|---|---|
| | Estimated Costs   $ _____ |

| 28.   Names of Tenants | Mo. Rental | Term of Lease | Type of Lease<br>W-Written   O-Oral | Rent Paid Through |
|---|---|---|---|---|
| | | | | |
| | | | | |

Lender's Name _____

Address _____

_____

_____

By _____

This form to be reproduced by Lender

Fannie Mae
Form 30    July 96

**GREEN TREE/Ishee – 002157**

Five Online Inspection Results

**FIVE BROTHERS PROPERTY INSPECTION RESULT**

Exterior Only

# Order: 8062252

| Account #/FHA Case Number | Inspection Type: | Date Ordered/Ordered By: |
|---|---|---|
| 62319296 / | FANNIE MAE FORM 30 | 4/19/2013 / BULK |
| **Account Type:** | **Department:** | **Date Completed:** |
| FNMA | FORECLOSURE | 4/22/2013 |
| **Address:** | **First Time Vacant Y/N:** | **Damage:** |
| ISHEE B | NO | NO EXTERIOR DAMAGES |
| 36 MUSCIO RD | **First Time Vacant Date:** | |
| MC LAIN, MS 39456 | | **Property Address:** |
| | – N/A | GOOD ADDRESS |
| | **Key Code: N/A** | |
| | **Resecure:** | |
| **Occupied By:** | **Personal Property:** | **Utility Water:** |
| TENANT OCCUPIED | N/A | ON |
| **Occupied Verified By:** | **Property Guarded:** | **Utility Gas:** |
| DIRECT | N/A | N/A |
| **Occupied Verified By Neighbor #:** | **Property Secure:** | **Utility Electric:** |
| | YES | ON |
| **Exterior Condition:** | **Lawn Height:** | **For Sale Sign Type:** |
| GOOD | Under 6 in | NOT FOR SALE |
| **Neighborhood:** | **Type of Maintenance Needed:** | **Realtor Name:** |
| STABLE | | |
| **Property Value Estimate:** | | **Property For Rent:** |
| $100,000.00 | **Pool Exists:** | NO |
| **Contact Card/Letter Left:** | NO | **Realtor Phone:** |
| Yes, card was left. | **Need To Secure Pool:** | |
| **Winter Tag Others Left:** | NO | **Sold Sign:** |
| No | **Need To Remove Debris:** | NO |
| **Winter Tag Ours Left:** | NO | |
| No | | |

| External Notes: | Occ/Vacant Checklist: |
|---|---|
| Tenant occupied per direct contact. Vehicle in driveway. | Personals |

**INTERVIEW**

Interviewed TENANT who had a COOPERATIVE attitude  Interviewed Dana Dix.

**GREEN TREE/Ishee – 002158**

| Property Type: | | Property Stories: | | Primary Phone: | | |
|---|---|---|---|---|---|---|
| MOBILE/MANUFACTURED | | 1 | | | | |
| Property Construction: | | Property Garage: | | Work Phone: | | |
| FRAME | | CAR PORT | | | | |
| Property Color: | | Property Common Entry: | | | | |
| WHITE | | YES | | | | |
| OUTPUT: | Invoice #: | Photos#: | Photo Sent: | Inspection Charge: | Photos Charge: | Total Amount Charged: |
| 4/29/2013 | J042913 | 1 | 4/24/2013 | $13.50 | $0.00 | $13.50 |

*This is an exterior inspection of the property; only obvious exterior damages are reported. Damage to the interior of this property is not reported on this inspection.

GREEN TREE/Ishee - 002159

Account #: 52319296

Order #: 6062252

Address: 36 MUSCIO RD  MC LAIN MS 39456

Case #:



Date Completed: 04/22/2013

driveway



Date Completed: 04/22/2013

front view



Date Completed: 04/22/2013

her sons mailbox at the end of driveway on highway



Date Completed: 04/22/2013

mobile home at 36 muscio rd

GREEN TREE/Ishee - 002160

Account #: 62319296

Address: 36 MUSCIO RD MC LAIN MS 39456

Order #: 5062252

Case #:



Date Completed: 04/22/2013

street sign

GREEN TREE/Ishee - 002161



Vicky,

Thank you for contacting the Servicer Support Center regarding the loss
drafts.

Please continue with the foreclosure sale. Reduce the foreclosure bid by the
amount of $99,623.48. After the foreclosure sale, remit the insurance proceeds
to Fannie Mae as a special remittance (Code 332, Hazard insurance recovery)
through the Cash remittance System (CRS).

Should you require additional assistance please let us know.


Servicer Support Center:


Fannie Mae | National Servicing Organization

Servicer Support Center 888-326-6435, servicing_solutions

Technology Support, 888-326-6438, Option 2

Marketing 888-326-6438, Option 4 csc_marketing

Underwriting Support 888-326-6438, Option 5
Website: www.efanniemae.com


This e-mail and its attachments are confidential and solely for the intended
addressee(s). Do not share or use them without Fannie Mae's approval. If
received in error, contact the sender and delete them.
> ----------------------------
> From: Vicky.Turner@greentreecreditsolutions.com
> Sent: Tuesday, May 28, 2013 4:26:21 PM
> To: hazard_loss@fanniemae.com
> CC: Candace.Novak@greentreecreditsolutions.com;
> Cathleen.Melendez@greentreecreditsolutions.com;
> Heidi.Schmidt@greentreecreditsolutions.com
> Subject: Form 176 Fannie Mae Ln # 1702577706-Ishee
>
>
> Green Tree received $99,623.48 in claim funds from a previous servicer.
> Per the site inspection of 04/22/2013, the home was tenant occupied.
> Green
> Tree would like to hold the claim funds until the foreclosure has been
> completed.
>
>
> (See attached file: 62319296 Ishee Form 176.pdf)
>
> (See attached file: 62319296 Ishee Site Inspection.pdf)
>

**GREEN TREE/Ishee - 002162**

> 
> Thank you,
> 
> 
> 
> Vicky Turner
> Claims Representative
> Green Tree Servicing
> Claims Department
> 1-800-544-8056 x 55302
> 
> This message contains information which may be confidential and
> privileged. Unless you are the addressee (or authorized to receive for
> the addressee), you may not use, copy or disclose to anyone the message
> or any information contained in the message. If you have received this
> message in error, please advise the sender by reply email, and delete or
> destroy the message.
> 
> This communication, including any attachments, may contain information
> that is proprietary, privileged, confidential or legally exempt from
> disclosure. If you are not a named addressee, you are hereby notified
> that you are not authorized to read, print, retain a copy of or
> disseminate any portion of this communication without the consent of the
> sender and that doing so may be unlawful. If you have received this
> communication in error, please immediately notify the sender via return e-
> mail and delete it from your system.
----
This message was transmitted from Fannie Mae to you in a secure, encrypted
manner. If replying to or forwarding this message, it is your responsibility
to ensure this message and content is properly protected.

**GREEN TREE/Ishee - 002163**

**green tree**   Form 176 Account # 62319296-Ishee
Vicky Turner  to: Heather G Schumacher          05/30/2013 12:50 PM
Cc: Candace Novak, Cathleen Melendez, Heidi Schmidt

Follow Up:     Normal Priority,

Hi Heather,

I filed a Form 176 with Fannie Mae for insurance claim funds on the above account in the amount of $99,623.48. We have approval from Fannie Mae to hold the claim funds until the foreclosure has been completed. Fannie Mae would like to have the foreclosure bid reduced by the amount of the claim funds.

If you have any additional questions, please respond to this e-mail or call me at the number listed below.

Thank you,

Vicky

Claims Representative
Green Tree Servicing, LLC
Claims Department
1-800-544-8056 x 55302

**GREEN TREE/Ishee - 002164**

| Follow Up: | Normal Priority. |
| --- | --- |
| History: | This message has been replied to. |

Hello Candace,

Please assist on the above loan. There are $99,623.48 in claims funds on the account, which were received by previous servicer on 11/16/10. We are going to use this funds to close the account with the date 11/16/10. Please assist in disbursing the funds from escrow type 10 to suspense so that we can use it to close the loan.

The funds applied to the loan as interest claims credit I will put back to GL 5390010 per Tina's email.

Thank you,

Anastasia Clark
ext 43785
----- Forwarded by Anastasia Clark/SP/GT/GTFC on 10/30/2013 03:10 PM -----

| From: | Kathy R Goucher/SP/GT/GTFC |
| --- | --- |
| To: | Anastasia Clark/SP/GT/GTFC@GTFC |
| Cc: | Paul L Beckman/SP/GT/GTFC@GTFC, Ron Siemers/SP/GT/GTFC@GTFC, Bill W Canfield/SP/GT/GTFC@GTFC, Mary B Johnson/SP/GT/GTFC@GTFC, Martin A Burd/AZ/GT/GTFC@GTFC, David Schwartz/SP/GT/GTFC@GTFC, Pieter H Vanzyl/SP/GT/GTFC@GTFC, Natalie Kinkel/SP/GT/GTFC@GTFC |
| Date: | 10/27/2013 09:06 AM |
| Subject: | Re: Fw: GTA Account History: 62319296 |

Bill/Mary, please advise as to where we are at related to recovery of all advances on this account.

Anastasia, the negative escrow should be included in both payoffs as the customers did receive benefit of the advances. As for the other advances, I presume they are Legal or Foreclosure related fees, and they should not be included in either payoff. Again, we need to backdate to the date the funds were received, but since FNMA and GT are being sued on this one, Dave Schwartz needs to provide direction on how to proceed.

Kathy Goucher
Vice President Loan Servicing
Work (651) 293-5511
Cellular (651) 216-7785

The information contained in this email message is Privileged and Confidential information intended only for the use of the individual or entity named herein. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify me and delete the information contained in this email.

| Anastasia Clark | Kathy, Here are the calculations on the loan #62... | 10/26/2013 08:31:29 AM |
| --- | --- | --- |

| From: | Anastasia Clark/SP/GT/GTFC |
| --- | --- |

Kathy,

Here are the calculations on the loan #62319296.

If we close the loan effective 11/16/10 when claims funds iao $99,623.48 were received, the PO is $96,860.73 and we need to refund the customer $2,762.75.

| PO as of 11/16/10 | |
|---|---|
| UPB | 94,247.73 |
| interest due | 2,558.44 |
| late fees | 54.56 |
| Total: | 96,860.73 |

| Claims Funds | 99,623.48 |
|---|---|

| Overage due to the customer: | 2,762.75 |
|---|---|

The payoff as of 11/01/13 is $119,239.19, we will need to write off $20,217.96 in interest and $2,160.50 in advances.

| PO as of 11/01/13 | |
|---|---|
| UPB | 94,247.73 |
| interest due | 22,776.40 |
| late fees | 54.56 |
| advances | 2,160.50 |
| LPI T010 flat cancelled | 0.00 |
| Total: | 119,239.19 |

| Write off: | 22,378.46 | |
|---|---|---|
| interest difference | 20,217.96 | interest from 11/16/10 through 10/31/13 |
| advances difference | 2,160.50 | |

There is a total of $296.15 posted to the account as principal only payments in interest claims credit. We will need to return it back to the GL it came from.

I want to ask your opinion on whether we should include advance T307 into the payoff good through 11/16/10. T307 - is acquired negative escrow balance from GMAC. As of 11/16/10 escrow balance was ($2628.00) due to disbursement made on 7/20/10, I'm unable to determine what it was for due to the lack of documentation. Looks like partial refund/escrow only payment of $1338.00 was posted on 10/26/12, which left ($1288.00). I didn't include T307 balance into the PO figure good through 11/16/10. Please let me know if you think we shall charge it to the customer or write off.

Let me know if you need anything else.

Thank you,

**GREEN TREE/Ishee - 002166**

Anastasia Clark
LS Research Specialist Sr.
ext 43765

- AccountHistory_62319296.xls

| Paul L Beckman | Anastasia, so you are not bored on your last afte... | 10/25/2013 11:58:56 AM |

| From: | Paul L Beckman/SP/GT/GTFC |
| To: | Kathy R Goucher/SP/GT/GTFC@GTFC, Anastasia Clark/SP/GT/GTFC@GTFC |
| Date: | 10/25/2013 11:58 AM |
| Subject: | Re: Fw: GTA Account History: 62319296 |

Anastasia,

so you are not bored on your last afternoon in Research, please let me know if you can get this together today.

Thanks
Paul Beckman
Manager, Loan Servicing
Ext. 43505
651-293-3505

| Kathy R Goucher | Here is another GMAC account that we need to... | 10/25/2013 11:05:35 AM |

| From: | Kathy R Goucher/SP/GT/GTFC |
| To: | Paul L Beckman/SP/GT/GTFC@GTFC |
| Date: | 10/25/2013 11:05 AM |
| Subject: | Fw: GTA Account History: 62319296 |

Here is another GMAC account that we need to determine what the payoff would have been if the insurance funds had been applied at the time they should have.

Kathy Goucher
Vice President Loan Servicing
Work (651) 293-5511
Cellular (651) 216-7785

The information contained in this email message is Privileged and Confidential information intended only for the use of the individual or entity named herein. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify me and delete the information contained in this email.
----- Forwarded by Kathy R Goucher/SP/GT/GTFC on 10/25/2013 11:04 AM -----

| From: | "WEB History"@gt-cs.com |
| To: | kathy.goucher@gt-cs.com |
| Date: | 10/23/2013 01:07 PM |
| Subject: | GTA Account History: 62319296 |

Green Tree Account History: 62319296      62319296_20131023.xlsx

GREEN TREE/Ishee - 002168

# ATTACHMENT #31

# Building Valuation Report

| | | | |
|---|---|---|---|
| **Property Owner:** | KENNETH D ISHEE | **Policy Number:** | H0972929 |
| **Property Address:** | 36 MUSCIO RD | **Date:** | 10/20/2010 |
| | MCLAIN, MS 39456 | **Appraiser:** | |
| **Phone Number:** | (601) 753-2330 | **Phone Number:** | |

## Building Description

| | | | |
|---|---|---|---|
| **Category:** | Residential | **Stories:** | 1 |
| **Type:** | Single Family Residences - Masonry | **Year Built:** | 1970 |
| **Sub-Type:** | 6 Corners | | |
| **Area:** | 2160 Sq Ft. | **Economic Age:** | 10 |
| **Wall Height** | 8 Ft. | | |

| Building Component | General Description | Approximate Value |
|---|---|---|
| Foundation | Reinforced concrete or concrete block. | $18,837.36 |
| Floor Structure | Wood frame or slab on grade, changes in shape and elevation. | $25,116.48 |
| Wall Framing and Exterior Fini | Textured or coated, concrete block or good quality detailed brick, several wall offsets, wood or masonry accents, good grade doors and windows | $39,774.67 |
| Roof | Multi-pitch, shake, tile or flat surface, large closed soffit. | $28,410.48 |
| Floor Finish | Better sheet vinyl and average carpet, some areas with masonry or tile. | $10,465.20 |
| Interior Wall and Ceiling Finish | 1/2" gypsum wallboard with textured finish, several irregular walls and wall openings, some decorative details. | $16,744.32 |
| Interior Detail | 8' or 9' ceiling throughout, walkin closet in master bedroom, separate dining area, some decorative wood trim. | $10,465.20 |
| Bath Detail | Good plastic tub and shower in at least one bathroom, one small window in each bath | $8,372.16 |
| Kitchen Detail | Over 15 LF of stock standard grade wall and base cabinets, low-cost tile or acrylic counter top, breakfast nook. | $16,744.32 |
| Plumbing | 3 standard fixtures per bathroom, less bathrooms than bedrooms. | $25,116.48 |
| Special Features | 5 standard built-in appliances, sliding glass or French doors, laundry room. | $6,279.12 |
| Electrical System | Limited recessed lighting on dimmers, multiple TV outlets | $20,930.40 |
| Slab | Deduct 2.0% for area of building on slab. | -$925.86 |

**Total Components Value: $226,330.33**

## Building Systems and Equipment

| | | |
|---|---|---|
| 1 | Heating and Cooling Equipment - Single Family Residences. Central Ducted | $11,944.80 |

Valuation costs include labor and materials, normal profit and overhead as of the date of the printing of the 2008 Craftsman Building Cost Manual. Costs are provided by Craftsman Book Company and represent general estimates which are not to be considered a detailed quantity survey. These costs include generalities and assumptions made by Craftsman and the software company that are common to the types of structures represented in the software.

**EXHIBIT**

*197*

ALFA SDT 000056

# Building Valuation Report (Cont.)

**Property Owner:** KENNETH D ISHEE
**Property Address:** 36 MUSCIO RD
MCLAIN, MS 39456

**Phone Number:** (601) 753-2330

**Policy Number:** H0972929
**Date:** 10/20/2010
**Appraiser:**
**Phone Number:**

Air Systems, Forced air heating and cooling, Overhead Outlets. (1 of 2160SF
@ $5.53/SF)

**Total Building Systems and Equipment: $11,944.80**

| | |
|---|---|
| **Replacement Value:** | $238,275.13 |
| **Replacement Sq. Ft. Value:** | $110.31 |
| **Depreciation (12.00 %):** | $28,593.02 |
| **Actual Cash Value:** | $209,682.11 |
| **Actual Cash Sq. Ft. Value:** | $97.08 |

Valuation costs include labor and materials, normal profit and overhead as of the date of the printing of the 2008 Craftsman Building Cost Manual. Costs are provided by Craftsman Book Company and represent general estimates which are not to be considered a detailed quantity survey. These costs include generalities and assumptions made by Craftsman and this software company that are common to the types of structures represented in the software.

ALFA SDT 000057



ALFA SDT 000058



ALFA SDT 000059



ALFA SDT 000060



ALFA SDT 000061



ALFA SDT 000062



ALFA SDT 000063



ALFA SDT 000064



ALFA SDT 000065



ALFA SDT 000066



ALFA SDT 000067



ALFA SDT 000068



ALFA SDT 000069



ALFA SDT 000070



ALFA SDT 000071



ALFA SDT 000072



ALFA SDT 000073

# ATTACHMENT #32

GREEN TREE SERVICING
PROGRAM - CXB120

COLLECTION COMMENT LIST

RUN 12/10/13
PAGE
TIME

ACCOUNT NUMBER: 62213296 XCRTIA 9 ISSUES          REGION: 69

| DATE | TIME | INITIALS | COMMENTS |
|---|---|---|---|
| 10/26/12 | 12.00.00 | CVT | |
| 10/26/12 | 12.00.00 | CVT | |
| 10/26/12 | 11.59.59 | CVT | |
| 10/26/12 | 11.59.59 | CVT | |
| 10/26/12 | 11.59.58 | CVT | |
| 10/26/12 | 11.59.58 | CVT | |
| 10/26/12 | 11.59.58 | CVT | |
| 10/26/12 | 12.00.00 | CVT | |
| 10/25/12 | 11.59.35 | CVT | |
| 10/25/12 | 11.59.35 | CVT | |
| 10/25/12 | 11.59.58 | CVT | |
| 10/25/12 | 11.59.58 | CVT | |
| 10/25/12 | 12.00.00 | CVT | |
| 10/24/12 | 12.00.00 | CVT | |
| 10/24/12 | 12.00.00 | CVT | |
| 10/23/12 | 12.00.00 | CVT | |
| 10/22/12 | 12.00.00 | CVT | |
| 10/19/12 | 12.00.00 | CVT | |
| 10/18/12 | 12.00.00 | CVT | |
| 10/17/12 | 12.00.00 | CVT | |
| 10/17/12 | 11.59.59 | CVT | |
| 10/17/12 | 11.59.59 | CVT | |
| 10/17/12 | 11.59.59 | CVT | |
| 10/17/12 | 12.00.00 | CVT | |
| 10/16/12 | 12.00.00 | CVT | |
| 10/16/12 | 12.00.00 | CVT | |
| 10/16/12 | 11.59.59 | CVT | |
| 10/16/12 | 11.59.58 | CVT | |
| 10/16/12 | 11.59.07 | CVT | |
| 10/16/12 | 12.00.00 | CVT | |
| 10/15/12 | 12.00.00 | CVT | |

GREEN TREE/ishee - 000026

# ATTACHMENT #33

# green tree

P.O. Box 6172
Rapid City, SD 57709-6172
1-800-643-0202
Fax 1-866-870-9919
GTServicing.com

October 22, 2013

Portia Ishee
PO Box 162
McLain, MS 39456

RE: Green Tree Servicing LLC ("Green Tree") Account No. 62319296-0

Dear Portia Ishee,

This letter is in response to your correspondence received by Green Tree regarding the above referenced account number.

In November 2010, GMAC notified you that the $99,623.48 was not sufficient to pay your account in full. At that point, you notified them you were going to turn the matter over to your attorney. In August 2011, your attorney advised GMAC that you desired to request a short payoff. Your attorney was advised that a signed exception letter would be needed from you. On November 3, 2011, GMAC received the signed exception letter, and contacted Fannie Mae. Fannie Mae advised GMAC that a Broker's Price Opinion (BPO) would be needed to proceed with the review. GMAC contacted your attorney to obtain the BPO, and your attorney was unresponsive to GMAC's repeated requests. On July 30, 2012, GMAC received an e-mail advising that the BPO was now available. On August 8, 2012, GMAC forwarded the short payoff request and all of the required documentation to Fannie Mae. Fannie Mae denied the request for the short payoff and advised GMAC to proceed with foreclosure. The $99,623.48 was placed into a holding account. The funds transferred to Green Tree and are still in the holding account. The funds are still not sufficient to satisfy the payoff amount for your account. If you would like to use the $99,623.48 to bring the account current, and pay down the principal balance, please contact Marcelino J. at (800)-643-0202, extension 61531 or Ernest D., at extension 61531. At this time, normal servicing, including foreclosure proceedings, will continue on your account; furthermore, there will be no change to the credit reporting for your account.

Thank you for your correspondence. If you have any further questions or concerns, please contact Green Tree at (800)-643-0202, Monday - Friday, 7:00 a.m. to 8:00 p.m. CST, and Saturday 7:00 a.m. to 1:00 p.m. CST.

Sincerely,

Green Tree
Customer Service Correspondence

LS/45/

*This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose.*



EXHIBIT
73

GREEN TREE/Ishee – 000687

# ATTACHMENT #34

# Case Notes

Case number: 170257706

Client:        ISHEE, PORTIA
Address:       36 MUSCIO RD
               MC LAIN, MS 39456

## Notes

| Date | Duration | | Billable | Type | Description | Counselor |
|------|----------|---|----------|------|-------------|-----------|
| | | Sec | | | | |
| 07/11/13 | | | | Case Management Activity | KYO referral<br><br>trying to find info for this loan. alpha insurance sent gmac a check to pay the loan off, but for some reason it has still not been applied to this loan. The home burnt on 5-23-2010, gmac received a check for more than the loan balance on 11-04-201 and the check was cashed on 11-17-2010. This matter should have already been taken care of, please give us a call @ 601-394-8778, cina, to discuss this matter<br><br>per surveillance, escalated LIR 7/12/010 at 7:25%<br><br>called borrower,LVM to escalate through GreenTree for this matter. inactivated file. | Eulan Whiteaker |
| | | | | | | |
| | | | | | | |

* EXHIBIT: 115
PAGE _____ OF _____

**ATTACHMENT #35**



# Full Disclosure, LLC
## Jay Patterson, CFE
Forensic Accountant | Examiner | Analyst
646 Quapaw Ave. Hot Springs, AR 71901
501-276-1108    email – jay@fulldisclosurellc.com

---

**Bernard Jay Patterson, CFE**

**Full Disclosure, LLC**

**Fee Schedule – Consulting and Expert**


| | |
|---|---|
| **Per Hour Rate** | $200.00 |
| **Deposition Testimony:(Flat-per day)** | $1,600.00 |
| **Court Testimony-(Flat-per day)** | $1,600.00 |
| **Travel time – per hour** | $ 100.00 |
| **Expenses – travel, postage, copy, etc** | Actual |

---

Deposition and court testimony fees are non-refundable if I leave my office to attend even if I am not called to testify, the deposition is cancelled or the case is resolved.

Fees incurred above retainer will be invoiced on a monthly basis and due upon receipt of invoice.

All fees due will be required to be paid before any reports are released and/or deposition or trial testimony is given. This includes estimated fees for deposition, trial testimony and travel expenses. NO REPORTS OR TESTIMONY WILL BE GIVEN UNTIL ALL FEES ARE PAID.

Deposition and/or court testimony fees do not include preparation time.

Travel time is billed at one-half of my hourly rate. This includes 1 hour travel each way to Little Rock Airport plus published travel time per flight schedule(s).