IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**PORTIA ISHEE**  **PLAINTIFF**

**V.**  **CIVIL ACTION NO. 2:13-CV-234-KS-MTP**

**FEDERAL NATIONAL MORTGAGE
ASSOCIATION,** *et al.*  **DEFENDANTS**

### ORDER

On October 14, 2014, Defendant Fannie Mae filed a Motion to Quash [303] a trial subpoena delivered to its corporate representative, John Curcio. Curcio attended a settlement conference before Magistrate Judge Michael T. Parker on September 9, 2014, in Judge Parker's chambers in Hattiesburg, Mississippi. Immediately after the settlement conference (unsuccessfully) ended, Plaintiff's counsel handed Curcio a trial subpoena and check for $40.00.

Rule 45 provides:

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

  (i) is a party or a party's officer; or

  (ii) is commanded to attend a trial and would not incur substantial expense.

FED. R. CIV. P. 45(c). Generally, "a subpoena can only require a person – whether party, nonparty, or party officer – to travel 100 miles from where the person resides, is

employed, or regularly transacts business in person to appear at trial." *Havens v. Mar. Commc'ns/Land Mobile, LLC*, Civ. No. 11-993, 2014 U.S. Dist. LEXIS 68786, at *4 (D.N.J. May 20, 2014). But if the person being served is a "party or party's officer," they "can be compelled to appear for trial anywhere within the person's state of residence, employment, or in which the person regularly transacts business in person . . . ." *Id.*

Defendant provided a declaration [303-3] from Curcio that he resides and is employed in Texas, approximately 500 miles from Hattiesburg, Mississippi. He also declared that he does "not conduct any business for Fannie Mae in the State of Mississippi," and that he has "never traveled to Mississippi on business for Fannie Mae, with the single exception of the . . . settlement conference." Plaintiff does not dispute this evidence and has not provided any of her own.

Therefore, the record demonstrates that Curcio neither resides, is employed, nor regularly transacts business in person in Mississippi or within 100 miles of this Court. Accordingly, the Court does not have the authority to order him to appear at trial. FED. R. CIV. P. 45(c); *see also Havens*, 2014 U.S. Dist. LEXIS 68786 at *4; *Dietz v. Spangenberg*, Civil No. 11-2600, 2014 U.S. Dist. LEXIS 17046, at *10-*11 (D. Minn. Feb. 11, 2014); *Kiker v. Smithkline Beecham Corp.*, Civil Action No. 14-1445, 2014 U.S. Dist. LEXIS 140106, at *16 (E.D. Pa. Oct. 1, 2014); *A.hak Indus. Servs. BV v. Techcorr USA, LLC*, No. 3:11-CV-74, 2014 U.S. Dist. LEXIS 88480, at *5-*6 (N.D. W. Va. June 30, 2014); *Williams v. Arctic Cat, Inc.*, No. 3:11-CV-445, 2014 U.S. Dist. LEXIS 33090, at *9 (N.D.N.Y. Mar. 13, 2014).

Plaintiff argues that Curcio can be compelled to attend trial because his

employer conducts business in Mississippi, essentially arguing that the subpoena issued to Curcio was really issued to Fannie Mae. However, as another district court observed:

> The recent amendments to Rule 45 sharply undermine this argument, . . . as they were intended to circumscribe the Court's authority to compel parties and officers to travel to faraway trials. The Advisory Committee's notes on the 2013 amendments to Rule 45 indicate that the changes made to the rule "resolve a conflict that arose . . . about a court's authority to compel a party or party officer to travel long distances to testify at trial; such testimony may not be required *only as specified in new Rule 45(c)*." Fed. R. Civ. P. 45 advisory committee's note (emphasis added).

*Havens*, 2014 U.S. Dist. LEXIS 68786 at *8. Plaintiff's argument "ignores both the text and the spirit of the rule, which expressly mentions both parties and officers of parties – indicating recognition that officers are distinct entities from parties for purposes of the rule – and provides protection against situations, as here, where the officer (or party) would have to travel across the country to testify at trial." *Id.* at *8-*9.

For all of these reasons, the Court finds that it does not have the authority to compel Curcio's attendance at trial in Hattiesburg, Mississippi. As Plaintiff has not proposed any modification of the subpoena, the Court must **grant** Defendant's Motion to Quash [303]. *See* FED. R. CIV. P. 45(d)(3)(A).

SO ORDERED AND ADJUDGED this 13th day of November, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE