## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**PORTIA ISHEE**                                                                              **PLAINTIFF**

**V.**                               **CIVIL ACTION NO. 2:13-CV-234-KS-MTP**

**FEDERAL NATIONAL MORTGAGE**
**ASSOCIATION,** *et al.*                                                   **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants in part and denies in part** Defendants' Motion to Strike [210] Improper Opinion Testimony of Lay Witnesses. The Court grants the motion as to any testimony by Dorothy Harvison which is not based on her personal knowledge, but in all other respects the Court denies the motion without prejudice. Defendants may raise more specific objections at trial.

**A.**     ***Dixon***

Plaintiff designated her daughter, Dana Irene Ishee-Dixon as a lay witness under Rule 701. Dixon intends to testify about Plaintiff's "physical, mental, and emotional distress caused by" Defendants. Specifically, she intends to testify that Defendants "exacerbated [Plaintiff's] severe headaches and nervous stomachs and made the symptoms more frequent and severe . . . ." Defendants contend that this testimony must be excluded because it concerns "medical causation" and falls within the scope of Rule 702.

Rule 701 provides:

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

>    (a)   rationally based on the witness's perception;
>
>    (b)   helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
>    (c)   not based on scientific, technical, or other specialized knowledge with the scope of Rule 702.

FED. R. EVID. 701. Subsection (c)'s purpose is to "eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." FED. R. EVID. 701, Advisory Committee's Note to 2000 Amendment. It was "not intended to affect the prototypical examples of the type of evidence contemplated by the adoption of Rule 701 relating to the appearance of persons or things, . . . the manner of conduct, . . . and an endless number of items that cannot be described factually in words apart from inferences." *Id.*

"The distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field." *United States v. Sosa*, 513 F.3d 194, 200 (5th Cir. 2008) (quoting FED. R. EVID. 701, Advisory Committee Notes to 2000 Amendments) (punctuation omitted). "[A] lay opinion must be the product of reasoning processes familiar to the average person in everyday life," and "*any* part of a witness's opinion that rests on scientific, technical, or specialized knowledge must be determined by reference to Rule 702, not Rule 701." *Id.* "To be considered expert, testimony must involve more than common sense or the [witness's] past experience formed from firsthand observation." *United States v. Ebron*, 683 F.3d 105, 138 (5th Cir. 2012).

Defendants are correct that lay witnesses may not provide an opinion which "requires specialized medical knowledge." *United States v. York*, 600 F.3d 347, 361 (5th Cir. 2010). Such testimony "is not the type of opinion that one could reach as a process of everyday reasoning." *Id.* However, Defendants have not cited to any authority applying that general principle to a case like this one. Dixon allegedly witnessed some of Plaintiff's interactions with Defendants, witnessed Plaintiff's emotional state during and after such interactions, and formed an opinion as to the causation of Plaintiff's emotional state. The Court believes it arguable that such opinion testimony is the "product of reasoning processes familiar to the average person in everyday life," *Sosa*, 513 F.3d at 194, and arises from "common sense" and "firsthand observation." *Ebron*, 683 F.3d at 138. One does not need a medical degree to observe another person and discern whether they are upset. In the absence of authority to the contrary, the Court declines to exclude Dixon's testimony on this point. *Cf. United States v. Heard*, 709 F.3d 413, 422 (5th Cir. 2013) (in criminal case, lay witness was permitted to give opinion testimony as to defendant's mental state/intent).

The Court also notes that Defendants failed to specify which specific testimony should be excluded. The Court declines to sift through Dixon's deposition transcript and guess which statements Defendants find objectionable. If Defendants want to make more specific objections – supported by applicable case law – they may do so at trial. Regardless, they will have the opportunity to cross-examine Dixon.

**B.    *Harvison***

Plaintiff designated Dorothy Harvison, a retired bank officer, as a lay witness

under Rule 701. Harvison intends to testify that she "assisted [Plaintiff] with numerous faxes to [Defendants] during [Plaintiff's] ordeal . . . ." She claims to be "familiar with the calls, letters, and threats, from [Defendants] and the adverse effect that they had on [Plaintiff's] physical, mental and emotional health, including looking and acting nervous, upset, [and] anxious . . . ." Harvison also claims to be "familiar with the downgrade in [Plaintiff's] credit due to the fact that [Plaintiff's] property was listed as being in foreclosure on credit reports and low credit scores due to the wrongful claim that [Plaintiff] was not paying her mortgage loan . . . ." Defendants presented several objections to Harvison's testimony.

   1.   *Medical Causation*

Defendants argue that Harvison may not provide any opinions regarding the "adverse effect" that their actions had on Plaintiff insofar as such testimony concerns "medical causation" and falls within the scope of Rule 702.

The Court presently rejects this argument for the same reasons stated above. Although a lay witness may not provide an opinion which "requires specialized medical knowledge," *York*, 600 F.3d at 361, she may provide opinion testimony that is the "product of reasoning processes familiar to the average person in everyday life," *Sosa*, 513 F.3d at 194, and that arises from "common sense" and "firsthand observation." *Ebron*, 683 F.3d at 138. Harvison claims to have observed Plaintiff's emotional state while she addressed Defendants' actions. In the absence of authority to the contrary, the Court declines to exclude Harvison's testimony on this point. *Cf. Heard*, 709 F.3d at 422.

The Court further notes that Defendants failed to specify which specific testimony should be excluded, and the Court declines to sift through Dixon's deposition transcript and guess which statements Defendants find objectionable. If Defendants want to make more specific objections – supported by applicable case law – they may do so at trial. Regardless, they will have the opportunity to cross-examine Harvison.

    *2.*    *Credit Score*

Next, Defendants argue that testimony regarding the causation of a "downgrade in [Plaintiff's] credit" and her "low credit scores" falls within the scope of Rule 702. Defendants cited no case law in support of this argument. It is at least arguable that such opinion testimony is the "product of reasoning processes familiar to the average person in everyday life," *Sosa*, 513 F.3d at 194, and arises from "common sense" and "firsthand observation." *Ebron*, 683 F.3d at 138. Specialized knowledge, experience, and/or education is not required to know that a foreclosure on one's house would adversely impact one's credit rating. *Cf. Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 403 (5th Cir. 2003) (corporate officer or employee may testify as to industry practices and pricing without qualifying as an expert).

The Court further notes that Defendants failed to specify which specific testimony should be excluded, and the Court declines to sift through Harvison's deposition transcript and guess which statements Defendants find objectionable. If Defendants want to make more specific objections – supported by applicable case law – they may do so at trial. Regardless, they will have the opportunity to cross-examine Harvison.

5

### 3.     *Hearsay*

Finally, Defendants argue that all of Harvison's testimony is based on hearsay. Of course, a "witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FED. R. CIV. P. 602. Likewise, a lay witness's opinion testimony must be "formed from firsthand observation." *Ebron*, 683 F.3d at 138.

The portions of Harvison's deposition cited by the parties demonstrate that her testimony is a mixed bag in this respect. For example, Harvison testified that she personally assisted Plaintiff in sending faxes to Defendants and observed her emotional state on those occasions. However, she also testified that her only knowledge of Defendants' "calls, letters, and threats" is based on what Plaintiff told her.

The Court declines to sift through Harvison's deposition transcript and determine which statements are based on personal knowledge and which ones are not. For now, the parties will have to settle for a general ruling that any portions of Harvison's testimony which are not based on personal knowledge or formed from firsthand observation will not be admitted. If Defendants want to make more specific objections, they may do so at trial.

### C.     *Conclusion*

For the reasons stated above, the Court **grants in part and denies in part** Defendants' Motion to Strike [210] Improper Opinion Testimony of Lay Witnesses. The Court grants the motion as to any testimony by Dorothy Harvison which is not based on her personal knowledge, but in all other respects the Court denies the motion

without prejudice. Defendants may raise more specific objections at trial.

SO ORDERED AND ADJUDGED this 26th day of November, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE