IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PORTIA B. ISHEE                                              PLAINTIFF

V.                                      CIVIL ACTION NO. 2:13-CV-234-KS-MTP

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, *et al.*                                        DEFENDANTS

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants in part and denies in part** Defendants' Motion to Strike Untimely Designation [191] and **grants in part and denies in part** Defendants' Motion to Exclude [208, 311, 332] the testimony of Bernard Jay Patterson.

### I. DEFENDANTS' MOTION TO STRIKE UNTIMELY DESIGNATION [191]

First, Defendants argue that the Court should strike the "Supplemental and Amended Expert Witness Report" [191-3] provided by Plaintiff's expert, Bernard Jay Patterson. Defendants contend that the report is not a supplement to Patterson's initial report [191-1], but that it contains entirely new opinions in an area of expertise for which Patterson was not designated.

### A.     *Applicable Law*

Rule 26 provides that "a party must disclose to the other party the identity of any witness it may use at trial to present" expert testimony. FED. R. CIV. P. 26(a)(2)(A). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the

case . . . ." FED. R. CIV. P. 26(a)(2)(B). Among other things, the report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them," "the facts or data considered by the witness in forming them," and "any exhibits that will be used to summarize or support them . . . ." FED. R. CIV. P. 26(a)(2)(B)(i)-(iii). In summary, a proponent of expert testimony must provide "a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor." FED. R. CIV. P. 26 advisory committee's note. The "purpose of the reports is to avoid the disclosure of sketchy and vague expert information . . . ." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996).

"A party must make these disclosures at the times and in the sequence that the court orders," FED. R. CIV. P. 26(a)(2)(D), and "[t]he parties must supplement these disclosures when required under Rule 26(e)." FED. R. CIV. P. 26(a)(2)(E). "[A] party is required to supplement its expert disclosures if the court so orders or if 'the party learns in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.'" *Sierra Club*, 73 F.3d at 570 n. 42 (quoting FED. R. CIV. P. 26(e)(1)). "[T]he party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information

must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). Rule 26(a)(3) provides that pretrial disclosures must be made at least thirty days before trial, "unless the court sets a different time . . . ." Local Rule 26 provides that a "party is under a duty to supplement disclosures at appropriate intervals under Fed. R. Civ. P. 26(e) and in no event later than the discovery deadline established by the case management order." L.U.Civ.R. 26(a)(5).

In summary, Plaintiff's expert designations were due on or before May 15, 2014 [47], and any supplements were due on or before August 1, 2014 – the discovery deadline – unless they were otherwise made known to Defendants during discovery. FED. R. CIV. P. 26(e)(1)-(2); L.U.Civ.R. 26(a)(5). Plaintiff served the disputed report on August 1, 2014. Therefore, if it is a supplement, it was timely. But if it contains entirely new opinions or addresses subject matter outside the scope of Plaintiff's designation and Patterson's initial report, it is not a supplement. Rather, it is an untimely designation. *See Harmon v. Ga. Gulf Lake Charles LLC*, 476 F. App'x 31, 36 (5th Cir. 2012); *Garza v. Allstate Tex. Lloyd's Co.*, 284 F. App'x 110, 112 (5th Cir. 2008); *Elliot v. Amadas Indus.*, 796 F. Supp. 2d 796, 802 (S.D. Miss. 2011); *Cooper Tire & Rubber Co. v. Farese*, 3:02-CV-210-SA-JAD, 2008 U.S. Dist. LEXIS 96729, at *10-*11 (N.D. Miss. Nov. 26, 2008).

## B.    *Supplement or Untimely Designation?*

Plaintiff designated [208-3] Patterson as a "Certified Fraud Examiner

3

specializing in . . . examination and forensic and investigative accounting involving the servicing transactions of mortgage loans . . . ." Plaintiff represented that Patterson would provide a forensic analysis of the servicing on her loan, and that he would provide an opinion that Defendants improperly "refused to apply the insurance proceeds to the balance owed on the home," and that "[p]roper accounting oversight and guides should have been in place to monitor the activities of the loan servicer and to prevent such misconduct."

In his initial report [191-1], Patterson stated that he was asked to "[p]rovide a forensic accounting investigation, examination, and analysis of the mortgage loan transactions during the life of the subject mortgage loan and . . . offer [his] findings and conclusions." He examined the transaction history data related to Plaintiff's loan and summarized the relevant transactions and events. He asserted that GMAC could have pursued options other than foreclosure once it received the payoff amount from Alfa Insurance that was short by $93.60. According to Patterson, if the funds had been properly applied, the loan would have been brought current and/or paid to zero, avoiding foreclosure and litigation.

In his supplemental report, Patterson represented that Plaintiff's counsel asked him to amend the original report in several ways. First, he amended his original analysis of the application of the Alfa Insurance payment to account for transaction records received from GMAC after the initial report had been prepared.

4

Next, he provided a substantial analysis regarding Fannie Mae's servicing guides – explaining them, interpreting them, and applying them to Defendants' actions. Patterson also provided opinions and analysis regarding force-placed insurance, Defendants' fiduciary duties, and several alternative damage calculations.

In the Court's opinion, most of the supplemental report [191-3] constitutes entirely new opinions which exceed the scope of Patterson's designation [208-3] and initial report [191-1]. Broadly construing the designation and initial report, Patterson was retained to provide an explanation of the loan servicing transaction history, an analysis of the application of the Alfa Insurance funds, and an opinion as to whether the funds were properly applied. The portion of the supplemental report which revises the initial analysis to account for the detailed transaction history obtained from GMAC is a proper supplement. However, the portions which 1) address and apply Fannie Mae's servicing guides, 2) provide opinions and analysis regarding force-placed insurance, 3) provide opinions regarding Defendants' alleged fiduciary duties, and 4) provide damage calculations, exceed the scope of the designation and initial report. Therefore, they are untimely designations. *Harmon*, 476 F. App'x at 36; *Garza*, 284 F. App'x at 112; *Elliot*, 796 F. Supp. 2d at 802.

C.   *Exclusion of Untimely Designation*

"If a party fails to provide information or identify a witness as required by

5

Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). When applying Rule 37 and considering sanctions for discovery violations, the Court considers the following factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)). The Court "should impose only that sanction which is the least severe way to effect compliance with the court's discovery orders," *United States v. Garza*, 448 F.3d 294, 300 (5th Cir. 2006), and it has "broad discretion" in formulating such sanctions. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

As for the first factor, Plaintiff claims that the supplemental report was based on discovery materials which were not received until after the initial report had been prepared. Even if that is true, it fails to explain why the supplemental report exceeds the scope of the designation and the subject matter of the initial report. Receipt of new discovery materials can justify revising an analysis from the initial report or providing new details not previously known, but it can not justify exploring an entirely new field of inquiry for which the expert was never

designated. Furthermore, the servicing guides were available to Patterson at the time of the initial report, and he cited them among the documents he relied upon in preparing it. Finally, the conspicuous timing of Plaintiff's "supplementation" – on the final day of discovery when Defendants would not have the opportunity to question Patterson regarding the new opinions – belies Plaintiff's argument that the delay was legitimate. The Court concludes that the first factor weighs in favor of exclusion.

With respect to the second factor, the Court will assume for the purpose of the present motion that the new opinions are of moderate importance. However, according to Plaintiff's theory of the case, the servicing guides constitute contracts between Fannie Mae and its servicers of which she is a third-party beneficiary. Therefore – under Plaintiff's theory of the case – Patterson's extensive interpretation and application of the servicing guides would constitute impermissible legal conclusions. *See Snap-Drape, Inc. v. Comm'r*, 98 F.3d 194, 198 (5th Cir. 1996); *Russ v. Safeco Ins. Co. of Am.*, 2:11-CV-KS-MTP, 2013 U.S. Dist. LEXIS 42333, at *54-*55 (S.D. Miss. Mar. 26, 2013).

Furthermore, Patterson's damage calculations arise from a presumption that Plaintiff was owed full payment of policy limits under multiple insurance policies for the same loss. Patterson represented that Plaintiff's counsel instructed him to "determine the amount of funds that would have been due to the borrower if both

the force-placed insurance policy and the Alfa insurance policy would have been paid to GMAC," but Patterson did not provide an opinion that Plaintiff was due payment on every policy. Regardless, such testimony would constitute an impermissible legal conclusion. S*ee Russ*, 2013 U.S. Dist. LEXIS 42333 at *54-*55; *Willis v. Allstate Ins. Co.*, 2:13-CV-60-KS-MTP, 2014 U.S. Dist. LEXIS 136139, at *5-*6 (S.D. Miss. Sept. 26, 2014) (citing several cases for the principle that interpretation of an insurance policy is a question of law for the court). For all of these reasons, the Court concludes that the second factor – the importance of the testimony – is neutral, at best.

The third factor – the potential prejudice in allowing the testimony – weighs in favor of exclusion. Defendants have not had the opportunity to depose Patterson concerning the new opinions and subject matter contained within the supplemental report, and they would be prejudiced if the Court allowed the testimony. The fourth factor likewise weighs in favor of exclusion, as there is insufficient time before the pretrial conference to reconvene Patterson's deposition, and the Court declines to grant another continuance of the pretrial conference or trial setting.

Three of the four factors weigh in favor of exclusion. Accordingly, the Court **grants in part and denies in part** Defendants' Motion to Strike [191] the supplemental report of Plaintiff's expert, Jay Bernard Patterson. The Court denies the motion with respect to the portions of the supplemental report which revise the

8

initial analysis to account for the detailed transaction history obtained from GMAC. Those portions of the supplemental report were within the scope of the designation and initial report, and they were timely disclosed by the discovery date. FED. R. CIV. P. 26(e)(1)-(2); L.U.Civ.R. 26(a)(5).

The Court grants the motion as to the remainder of the supplemental report, including the portions which 1) address and apply Fannie Mae's servicing guides, 2) provide opinions and analyses regarding force-placed insurance, 3) provide opinions regarding Defendants' alleged fiduciary duties, and 4) provide damage calculations. Those portions of the supplemental report constitute an untimely designation, addressing subject matter outside the scope of the designation and initial report. Applying the *Hamburger* factors, discussed above, the Court finds that they should be excluded, and Plaintiff may not rely on them "on a motion, at a hearing, or at a trial . . . ." FED. R. CIV. P. 37(c)(1).

## II. DEFENDANTS' MOTION TO EXCLUDE OPINION TESTIMONY [208, 311, 332]

Defendants also filed a Motion to Exclude [208, 311, 332] the testimony of Plaintiff's expert, Bernard Jay Patterson, on several alternative bases. For the reasons provided below, the Court **grants the motion in part and denies it in part**.

### A.    *Qualification*

First, Defendants argue that Patterson is not qualified to provide expert testimony. Defendant specifically argues that Patterson is not qualified to provide

expert testimony regarding force-placed insurance, the purported damage calculations provided in Patterson's supplemental report, or Defendants' servicing methods or practices. Many aspects of Defendants' motion are rendered moot by the Court's ruling on their Motion to Strike [191]. The only qualification issue remaining is whether Patterson is qualified to provide the expert testimony for which he was originally designated and which he provided in his initial report.

Plaintiff designated [208-3] Patterson as a "Certified Fraud Examiner specializing in . . . examination and forensic and investigative accounting involving the servicing transactions of mortgage loans . . . ," and represented that Patterson would provide a forensic analysis of the servicing on her loan. In his initial report [191-1], Patterson stated that he was asked to "[p]rovide a forensic accounting investigation, examination, and analysis of the mortgage loan transactions during the life of the subject mortgage loan and . . . offer [his] findings and conclusions." He examined the loan's transaction history, summarized the relevant events, and concluded that the Alfa Insurance proceeds were improperly applied.

An expert may be qualified "by knowledge, skill, experience, training, or education . . . ." FED. R. EVID. 702. "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). A proposed expert does not have to be "highly qualified in order to testify about a

given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Id.* As Rule 702 clearly provides, an expert may be qualified by his practical work experience. *Martin v. Wal-Mart Stores, Inc.*, 2011 U.S. Dist. LEXIS 146577, at *3-*4 (S.D. Miss. Dec. 20, 2011) (citing multiple cases).

The Court concurs with the opinion entered by Judge Ozerden in *Neel v. Fannie Mae*, 1:12-CV-311-HSO-RHW, 2014 U.S. Dist. LEXIS 36653, at *7-*8 (S.D. Miss. Mar. 20, 2014). Patterson has "nine years of experience working on matters involving fraud and forensic accounting analysis, both in the context of mortgage servicing." *Id.* at *7. To obtain his certification as a fraud examiner, he passed multiple examinations and submitted to peer review. *Id.* He has "led seminars on topics regarding mortgage servicing systems and how those systems can be used in the context of bankruptcy and/or foreclosure." *Id.* He is qualified to offer expert testimony within the scope of his designation, initial report, and those portions of the supplemental report not excluded above. The Court denies Defendants' Motion to Exclude [208, 311, 332] with respect to Patterson's qualifications.

**B.   *Contract Interpretation***

Defendants argue that Patterson may not provide an opinion that Defendants violated the "waterfall" provision of the Deed of Trust. Again, the Court concurs with the opinion entered by Judge Ozerden in *Neel*, 2014 U.S. Dist. LEXIS

36653 at *9-*10.

Proposed expert testimony which offers a legal opinion is inadmissible, *Estate of Sowell v. United States*, 198 F.3d 169, 171 (5th Cir. 1999), because it does not "help the trier of fact to understand the evidence or determine a fact in issue . . . ." FED. R. EVID. 702(a). "An opinion is not objectionable just because it embraces the ultimate issue" in the case, FED. R. EVID. 704(a), but expert witnesses are not permitted "to tell the jury what result to reach" or "to give legal conclusions." *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983); *see also Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) (district court properly excluded expert testimony that party breached its fiduciary duties); *Hobbs v. Legg Mason Inv. Counsel & Trust Co., N.A.*, 3:09-CV-SA-DAS, 2011 U.S. Dist. LEXIS 7168, at *10-*12 (N.D. Miss. Jan. 25, 2011). The "interpretation of a contract is a question of law for the court." *Amica Mut. Ins. Co. v. Moak*, 55 F.3d 1093, 1096 n. 5 (5th Cir. 1995); *see also Cunningham & Co. v. Consolidated Realty Mgmt., Inc.*, 803 F.2d 840, 843 (5th Cir. 1986) (contract interpretation is a question of law for the court, not the jury); *Russ*, 2013 U.S. Dist. LEXIS 42333 at *54-*55; *Ergon-West Va., Inc. v. Dynergy Mktg. & Trade*, 3:06-CV-714-DPJ-LRA, 2011 U.S. Dist. LEXIS 25064, at *14 (S.D. Miss. Feb. 25, 2011).

Patterson's opinion that Defendants failed to comply with the "waterfall" provision of the deed of trust is essentially an opinion that Defendants "breached

the contract at issue in this case." *Neel*, 2014 U.S. Dist. LEXIS 36653 at *9. As demonstrated by the authorities cited above, such testimony is inadmissible. Plaintiff argues that Patterson's conclusions regarding the "waterfall" provision are admissible under Rule 704, which permits an expert opinion which "embraces an ultimate issue." Fed. R. Evid. 704(a). However, Rule 704 was not "intended to allow a witness to give legal conclusions." *Owen*, 698 F.2d at 240; *see also United States v. Pettigrew*, 77 F.3d 1500, 1515-16 (5th Cir. 1996).

Plaintiff argues that Patterson's opinion regarding the interpretation and application of the deed of trust is admissible because the "contract language is ambiguous or involves a specialized term of art, science or trade," citing *Suzlon Wind Energy Corp. v. Shippers Stevedoring Co.*, 662 F. Supp. 2d 623, 668-69 (S.D. Tex. 2009). The Court disagrees. The Court examined the deed of trust, and the provisions regarding the application of payments are not ambiguous or difficult to understand. Therefore, Patterson may not testify as to Defendant's duties under the deed of trust.

He may, however, testify regarding "technical and specialized" aspects of the mortgage industry that will "assist the trier of fact in understanding the issues and related evidence," including relevant industry standards applicable to the servicing of mortgage loans. *Willis v. Allstate*, 2:13-CV-60-KS-MTP, 2014 U.S. Dist. LEXIS 136139, at *6-*7 (S.D. Miss. Sept. 26, 2014); *Russ*, 2013 U.S. Dist. LEXIS 42333 at

13

*61-*62. He may not "draw conclusions from those standards" as to Defendants' alleged breach of contract. *Jones v. Reynolds*, 2:06-CV-57-SA, 2008 U.S. Dist. LEXIS 40120, at *31 (N.D. Miss. May 16, 2008).

For these reasons, the Court grants Defendants' Motion to Exclude [208, 311, 332] with respect to Patterson's opinion regarding interpretation and application of the "waterfall" provision of the deed of trust.

C.    *Servicing Guides*

Next, Defendants seek the exclusion of Patterson's opinions regarding Fannie Mae's servicing guides, including his opinion that GMAC and/or Green Tree violated those guidelines. This issue is moot, as the Court already excluded Patterson's testimony addressing and applying Fannie Mae's servicing guides, as those opinions were not timely designated and exceed the scope of Patterson's designation and initial report. Therefore, this aspect of Defendants' Motion to Exclude [208, 311, 332] is denied as moot.

D.    *Summary of Transaction History*

Finally, Defendant seek the exclusion of Patterson's summaries of payment and transaction histories, arguing that the subject matter does not require scientific, technical, or other specialized knowledge, and will not assist the jury. The Court disagrees, as the transaction records may be difficult for an average juror to understand. In fact the Court believes it safe to assume that an average juror may

14

have difficulty understanding how *their own* mortgage payments are applied. Understanding banking records can sometimes require more than "the ability to read," as Defendant urges. Patterson's explanation of the sequence of events may, at the very least, help the jury to understand what occurred. The Court denies this aspect of Defendants' Motion to Exclude [208, 311, 332].

### III. Conclusion

For the reasons stated above, the Court **grants in part and denies in part** Defendants' Motion to Strike Untimely Designation [191] and **grants in part and denies in part** Defendants' Motion to Exclude [208, 311, 332] the testimony of Bernard Jay Patterson.

The Court denies Defendants' Motion to Strike [191] the supplemental report of Plaintiff's expert with respect to the portions of the supplemental report which revise the initial analysis to account for the detailed transaction history obtained from GMAC. The Court grants the motion as to the remainder of the supplemental report, including the portions which 1) address and apply Fannie Mae's servicing guides, 2) provide opinions and analysis regarding force-placed insurance, 3) provide opinions regarding Defendants' alleged fiduciary duties, and 4) provide damage calculations.

As for Defendants' Motion to Exclude [208, 311, 332] the expert testimony of Bernard Jay Patterson, the Court denies the motion as it concerns Patterson's

qualifications, grants it with respect to any testimony providing contract interpretation or application, denies it as moot with respect to testimony about Fannie Mae's servicing guides, and denies it as to Patterson's summary/explanation of the loan transaction record.

SO ORDERED AND ADJUDGED this 15th day of January, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

16