IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**PORTIA B. ISHEE**                                                                                          **PLAINTIFF**

**V.**                                                     **CIVIL ACTION NO. 2:13-CV-234-KS-MTP**

**FEDERAL NATIONAL MORTGAGE**
**ASSOCIATION,** *et al.*                                                                   **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

For the reasons below, the Court **denies** Defendant's Motion for Summary Judgment [212] with respect to Plaintiff's punitive damages claim.

**I. BACKGROUND**

The Court described the factual background of this case in a prior order. *See Ishee v. Fannie Mae*, No. 2:13-CV-234, 2015 U.S. Dist. LEXIS 15223, at *1-*4 (S.D. Miss. Feb. 6, 2015). In the Court's Memorandum Opinion and Order [375] of February 6, 2015, it granted Defendant Fannie Mae's Motion for Summary Judgment [212], but it did not address all the arguments presented therein, including arguments related to Plaintiff's punitive damages claim. Plaintiff appealed the Court's decision, and the Court of Appeals affirmed in part, reversed in part, vacated in part, and remanded for further proceedings. *See Ishee v. Fannie Mae*, No. 15-60129, 2016 U.S. App. LEXIS 4726 (5th Cir. Mar. 14, 2016).

As it represented in its previous scheduling order, the Court now addresses arguments Defendant asserted in its Motion for Summary Judgment [212] filed in August 2014. The motion was fully briefed by all parties in October 2014 and no further briefing or argument is required.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

## III. DISCUSSION

Defendant asserted two arguments related to Plaintiff's claim for punitive damages that the Court did not address in its previous opinion. First, Defendant argues that it can not be liable for punitive damages because the Federal Housing Finance Agency ("FHFA") is its conservator, and the FHFA can not be liable for any penalty or fine. Second, Defendant argues that it is a federal instrumentality and, therefore, enjoys sovereign immunity from punitive damages.

Defendant correctly notes that agencies and instrumentalities of the United States "cannot be held liable for punitive damages absent Congressional authorization." *Olney v. Sav. & Loan Assoc. v. Trinity Banc Sav. Assoc.*, 885 F.2d 266, 273 (5th Cir. 1989); *see also Bank One, Tex., N.A. v. Taylor*, 970 F.2d 16, 33 (5th Cir. 1992). However, Fannie Mae was a private actor even before it went into conservatorship in 2008. *See Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 359 (5th Cir. 1977) (Fannie Mae's actions not actions of the federal government); *Herron v. Fannie Mae*, 857 F. Supp. 2d 87, 92-93 (D.D.C. 2012) ("well-settled that pre-conservatorship Fannie Mae was a private actor"); *United States ex rel. Adams v. Wells Fargo Bank Nat'l Assoc.*, No. 2:11-CV-535-RCJ-PAL, 2013 U.S. Dist. LEXIS 175322, at *22-*24 (D. Nev. 2013), *cited with approval in United States ex rel. Shupe v. Cisco Sys.*, 759 F.3d 379, 386 (5th Cir. 2014).[1] Its enacting statute explicitly provides:

---

[1] The Court acknowledges that these cases do not address whether Fannie Mae is a federal instrumentality for purposes of sovereign immunity. Rather, they address whether Fannie Mae is a federal instrumentality for purposes of constitutional and False Claims Act analyses. The same reasoning is applicable here, though, and the Court was unable to find any other persuasive authorities addressing Fannie Mae's federal status in the context of a sovereign immunity

> The purposes of this title include the partition of the Federal National Mortgage Association as heretofore existing into two separate and distinct corporations, each of which shall have continuity and corporate succession as a separated portion of the previously existing corporation. *one of such corporations, to be known as Federal National Mortgage Association, will be a Government-sponsored private corporation*, will retain the assets and liabilities of the previously existing corporation accounted for under section 304 of the Federal National Mortgage Association Charter Act, and will continue to operate the secondary market operations authorized by such section 304. *The other, to be known as Government National Mortgage Associations, will remain in the Government*, will retain the assets and liabilities of the previously existing corporation accounted for under sections 305 and 306 of such Act, and will continue to operate the special assistance functions and management and liquidating functions authorized by such sections 305 and 306.

12 U.S.C. § 1716b (emphasis added).

In 2008, Congress passed the Housing and Economic Recovery Act ("HERA"), creating the Federal Housing Finance Agency ("FHFA"). 12 U.S.C. § 4511(a). Congress gave the FHFA "general regulatory authority" over Fannie Mae, 12 U.S.C. § 4511(b), and gave it the authority to act as Fannie Mae's conservator. 12 U.S.C. § 4617(a)(2). The FHFA exercised that authority in September 2008, *see Leon County, Fla. v. Fed. Hous. Fin. Agency*, 700 F.3d 1273, 1277 (11th Cir. 2012), and "immediately succeed[ed] to . . . all rights, titles, powers, and privileges" of Fannie Mae. 12 U.S.C. § 4617(b)(2)(A)(i). When the FHFA took over Fannie Mae, the conservatorship became a "limited-life regulated entity," as defined by HERA, 12 U.S.C. §§ 4502(13), 4617(i)(2)(A)(i), and a "limited-life regulated entity is not an agency, establishment, or

---

analysis. Based on the authorities cited above, the undersigned judge respectfully disagrees with the ruling in *Cam Fin. Servs., Inc. v. Fannie Mae*, No. 1:01-CV-314GuRo (S.D. Miss. May 13, 2004), ECF No. 512, cited by Defendant.

instrumentality of the United States." 12 U.S.C. § 4617(i)(10)(A). Therefore, HERA expressly disclaims that post-conservatorship Fannie Mae is a federal instrumentality. *See Adams*, 2013 U.S. Dist. LEXIS 175322 at *23. Regardless, Fannie Mae's conservatorship status "confirms" that it is not a federal instrumentality because if it were, "there would be no need for Congress to have created the FHFA to take conservatorship of [it], because the President could have directed [its] activities through whichever agency to which [it] ostensibly belonged. The very fact of conservatorship necessarily implies a sovereign-subject division between conservator and conservatee." *Id.* at *23-*24.

## IV. CONCLUSION

In conclusion, Congress expressly provided that Fannie Mae, while in conservatorship, is not an instrumentality of the United States. 12 U.S.C. § 4617(i)(10)(A). Accordingly, the Court **denies** Defendant's Motion for Summary Judgment [212] as to Plaintiff's punitive damages claim.

SO ORDERED AND ADJUDGED this 8th day of June, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE